# In the United States Court of Federal Claims

No. 19-1796C

(E-filed **UNDER SEAL**:  November 26, 2019)

| | |
|---|---|
| AMAZON WEB SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MICROSOFT CORP., | ) ) |
| Intervenor-defendant. | ) ) |

ORDER

On November 26, 2019, the court held an initial status conference in this bid protest.  During the conference the court addressed several pending motions and a number of administrative matters.  The court memorializes the discussion here.

As an initial matter, the court addressed Microsoft Corp.'s motion to intervene, ECF No. 4.  Hearing no objections, the court **GRANTED** the motion to intervene, and Microsoft's counsel fully participated in the conference.

The court then addressed plaintiff's motion for leave to file under seal, ECF No. 8.  In the motion, plaintiff seeks leave to file the complaint and "related filings" under seal, including Amazon's motion to supplement the administrative record.  Hearing no objections, the court **GRANTED** the motion.  The court also addressed plaintiff's motion for protective order, ECF No. 9.  Although plaintiff's motion proposed that the court enter its standard protective order, prior to the status conference the parties agreed on a modification to the stated scope of the order.  As such, the court **DENIED** plaintiff's motion for protective order, ECF No. 9, and directed the parties to **FILE** a **consent**

**motion for entry of a protective order, attaching the parties agreed-upon proposed protective order**, on or before **December 4, 2019**. The court encourages the parties, however, to file the protective order as soon as possible in order to facilitate intervenor-defendant's access to sealed filings. To the same end, intervenor-defendant's counsel orally moved for expedited consideration of applications for access to protected material for Robert Metzger, Jeffery Chiow, and Neil O'Donnell. Hearing no objection, the court **GRANTED** the oral motion and **expedited access to protected material** will be **GRANTED** upon entry of the protective order and filing of the parties' applications for access.

Along with its initial filings, plaintiff filed a motion to supplement the administrative record. See ECF No. 7. The court noted that because no administrative record had been filed, it is unable to make the necessary evaluation with regard to supplementation. As such, the motion was **DENIED** as premature. Plaintiff's counsel stated that the denial was not a surprise, but explained that plaintiff filed the motion in an effort to preview for the court the issues it expects to arise in this case.

In light of the anticipated issues with regard to the administrative record, the court directs the parties to review the portion of the court's rules that address the content of the record. See Appendix C, ¶ 22, of the Rules of the United States Court of Federal Claims. The list of documents included in the court's rules, however, is not exhaustive. The administrative record must include all materials developed and considered by the government in making its award decision. In addition to the core documents identified in Appendix C, the record should include any informal documents reflecting factors considered in the agency's decision-making process, such as email communications and communications made through Slack channels and the like.

The court will not set a schedule for addressing the merits of this case until any disputes related to the content of the administrative record have been resolved. The follow schedule shall govern in that initial endeavor:

| | |
|---|---|
| **December 13, 2019** | Defendant shall **FILE** the **administrative record** |
| **December 20, 2019** | Plaintiff shall **FILE** its **motion** to supplement the administrative record and/or request discovery |
| **January 3, 2020** | Defendant and intervenor-defendant shall **FILE** their **responses** to plaintiff's motion |
| **January 10, 2020** | Plaintiff shall **FILE** its **reply** in support of its motion |

All citations to the record included in the parties' briefs shall refer to the page number assigned to each page by the court's electronic case filing system (CM/ECF), which will

appear at the top of each page of an electronically filed document.  In addition, defendant shall **DELIVER** to chambers **one** courtesy copy of the administrative record that shall be printed after filing to ensure that it includes the CM/ECF header.  The courtesy copy shall be delivered to chambers within **two business days** of the electronic filing.

Before concluding the conference, the court addressed three additional matters.  First, the court noted plaintiff's suggestion that this case be transferred to Judge Eric Bruggink as directly related to Oracle America, Inc. v. United States, Case No. 18-1880C.  Upon inquiry, Judge Bruggink has indicated that he has a conflict that prevents him from presiding in this case.  The undersigned, however, is familiar with the proceedings in Oracle and will draw on that background context to the extent it is relevant in this case.

Second, the court noted that plaintiff a notice of filing a compact disc (CD) containing video files as exhibits to its motion to supplement the administrative record.  The court disfavors the filing of CDs, but is mindful of the difficulty presented by the format of the evidence in this instance.  The court is working on a plan to accommodate the filing of video files, but has not completed that process at this time.  As such, if any party considers it necessary to file a video exhibit, that party shall file a motion for leave to do so, and the court will provide instructions at that time.

Finally, the court asked whether any party believes the status conference should remain sealed.  Plaintiff and defendant expressed uncertainty, and requested that the court allow them until December 4, 2019, to decide.  Accordingly, on or before **December 4, 2019**, the parties shall **CONFER** and **FILE** a **joint status report** informing the court as to whether the recording of the conference, and this order memorializing the same, may be unsealed and made publicly available.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge