# In the United States Court of Federal Claims

No. 19-1796C

(E-filed: December 13, 2019)

| | |
|---|---|
| AMAZON WEB SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MICROSOFT CORP., | ) ) |
| Intervenor-defendant. | ) ) |

## ORDER

On December 12, 2019, the parties filed a joint motion to amend the schedule set by this court in its order dated November 26, 2019. See ECF No. 54. Therein, the parties inform the court that significant efforts have been made toward compiling the administrative record, but that additional time is needed due the volume and variety of file types involved. The parties agree that the administrative record should be filed on or before January 3, 2020. See id. at 1. Plaintiffs, however, request an additional week, beyond the date proposed by defendant and intervenor-defendant, to review that record and file its renewed motion to supplement or complete the administrative record. See id. at 4. Plaintiffs further request that the court push back all subsequent briefing by one week. See id.

The court notes that the parties have discussed the possibility of a voluntary stay in this case. Defendant stated that "it will not be in a position to place further substantive orders against the contract until February 11, 2020." Id. at 4. Plaintiff then sought an agreement that defendant would voluntarily stay the issuance of further substantive orders until March 11, 2020, but defendant did not agree. Id. Because defendant would

not agree to plaintiff's proposed voluntary stay, plaintiff represented that "it is reserving its right to seek preliminary injunctive relief and a temporary restraining order if and when necessary." Id.

For good cause shown, the parties' agreed-upon request to file the administrative record on or before January 3, 2020, is **GRANTED**. Given the stated volume and complexity of the record, the court will allow plaintiff the additional time it has requested to review the same. Accordingly, the schedule set forth in the court's November 26, 2019 scheduling order is hereby **AMENDED**, as follows:

| | |
|---|---|
| **January 3, 2020** | Defendant shall **FILE** the **administrative record** |
| **January 17, 2020** | Plaintiff shall **FILE** its **motion** to supplement the administrative record and/or request discovery |
| **January 31, 2020** | Defendant and intervenor-defendant shall **FILE** their **responses** to plaintiff's motion |
| **February 7, 2020** | Plaintiff shall **FILE** its **reply** in support of its motion |

The court reminds the parties to review the portion of the court's rules that address the content of the record. See Appendix C, ¶ 22, of the Rules of the United States Court of Federal Claims. The list of documents included in the court's rules, however, is not exhaustive. The administrative record must include all materials developed and considered by the government in making its award decision. In addition to the core documents identified in Appendix C, the record should include any informal documents reflecting factors considered in the agency's decision-making process, such as email communications and communications made through Slack channels and the like.

In addition, the court acknowledges the unique difficulty presented by filing a paper courtesy copy of the administrative record in this case. As such, the court will not require defendant to file a courtesy copy. The court understands, however, that some procedural filing issues may still need to be resolved to ensure that all parts of the record are properly accounted for on the court's electronic docket, and will consider the proper resolution of those issues as they are presented by motion.

All other aspects of the court's November 26, 2019 order remain in full effect.

IT IS SO ORDERED.

                                               s/Patricia E. Campbell-Smith
                                               PATRICIA E. CAMPBELL-SMITH
                                               Judge