**REDACTED VERSION**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| ) | |
| v. ) | No. 19-1796C |
| ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| and | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Defendant-Intervenor. ) | |

## DEFENDANT'S OBJECTIONS TO CERTAIN MATERIAL DESIGNATED AS PROTECTED AND MOTION TO STRIKE AND SUBSTITUTE

Pursuant to Paragraph 12(d) of this Court's protective order (ECF No. 18) and Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court strike the redacted version of its complaint that plaintiff, Amazon Web Services, Inc. (AWS), recently filed on the public docket (ECF No. 26), as it contains overbroad redactions not warranted by law or this Court's protective order. The United States attaches to this motion its proposed redacted version of the complaint and respectfully requests that the Court substitute the proposed redacted complaint in Attachment B for ECF No. 26.

With its unredacted complaint (ECF No. 1), filed under seal, AWS filed a proposed redacted version (ECF No. 11), also appropriately filed under seal. Thereafter, the parties consulted regarding the redactions proposed by AWS, as directed by the terms of the Court's protective order (ECF No. 18). The parties, however, were unable to settle on an agreed-upon

redacted version of the complaint. As such, and in the interest of facilitating prompt public access to material that no party alleged is protected, AWS filed on the public docket its preferred version of the redacted complaint (ECF No. 26).

As we informed AWS, however, the United States objects to many of the redactions included in the now-public redacted complaint. The public version of the complaint redacts material that does not qualify for protection under the Court's protective order, under the law, or under the rules of this Court. As such, the United States respectfully requests that the Court strike AWS's redacted complaint (ECF No. 26) and substitute it with the attached proposed redacted complaint (Attachment B). To facilitate the Court's review, in the document at Attachment A, we have marked in red outlined boxes the material that AWS redacted in its public version of its complaint. We have then highlighted the material to which we object as not meeting the relevant standard for protection, as described below. In Attachment B, we have applied the redactions that we propose the Court file as the substituted redacted complaint in place of ECF No. 26.

In considering whether proposed redactions of protected information are appropriate, the court "begins with 'the presumption of public access to judicial records.'" *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 131 (2010) (citing *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) (recognizing "a general right to inspect and copy public records and documents, including judicial records and documents."); *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) ("There is a strong presumption in favor of a common law right of public access to court proceedings."). Despite this strong presumption, the right of public access to judicial

records "is not absolute." *Linc v. Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 723 (2010) (internal citation omitted). Rather, "[i]n determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" *Violation of Rule 28(D)*, 635 F.3d at 1356-57 (citation omitted); *see also Akal Sec., Inc. v. United States,* 87 Fed. Cl. 311, 314 n.l (2009) ("the court must balance the privacy interests of the parties against the public interest in access to the . . . information.") (citation omitted).

Only "information that must be protected to safeguard the competitive process" may be redacted pursuant to the Court's protective order. ECF No. 18 at 1; *see also Linc Gov't Servs.*, 96 Fed. Cl. at 724. This definition of protected information is narrow, and over redaction should be avoided in favor of greater transparency. *See, e.g.*, *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011); *Akal Sec., Inc.*, 87 Fed. Cl. at 314 n.1. Courts have required that the proponent of the proposed redaction be able to justify how "continuing to conceal that information . . . would safeguard the competitive process." *Def. Tech. Inc. v. United States*, 99 Fed. Cl. 103, 106 n.\* (2011) (internal quotations omitted). AWS has failed to justify many of the heavy redactions to its complaint.

In its filing, AWS redacted a significant quantity of information that does not qualify for redaction under this standard. In particular, the Court has held that "qualitative assessments of offerors' proposals, such as the adjectival rating assigned to an offeror's past performance or an offeror's ordinal ranking under one or another evaluation factor . . . ha[ve] no bearing on the competitive process" and are not subject to redaction. *Linc Gov't Servs.*, 96 Fed. Cl. at

723. "The purpose of redaction . . . is to safeguard the competitive process, not to withhold information that a party frowns on making public." *Id*.

Indeed, the Court in its opinions routinely publishes the evaluation ratings of unsuccessful offerors that protest an award decision. *See, e.g., Tech Sys., Inc. v. United States*, 98 Fed. Cl. 228, 239-41 (2011); *SupplyCore Inc. v. United States*, 132 Fed. Cl. 480, 486-87 (2017); *see also AM Gen., LLC v. United States*, 115 Fed. Cl. 653, 660 n.1 (2014) ("The Court is unpersuaded that the agency's evaluation of [the plaintiff], as represented in [its] past performance rating, adjectival ratings, and number of strengths and weaknesses, rises to the level of protected information."); *Allied Tech. Grp., Inc. v. United States*, 94 Fed. Cl. 16, 23 n.1 (2010) (redacting only certain pricing and discount information and declining to redact extensive proposal and agency evaluation information), *aff'd*, 649 F.3d 1320 (Fed. Cir. 2011); *Akal Sec., Inc.*, 87 Fed. Cl. at 314 n.1 (declining to redact adjectival ratings).

The large quantity of information that AWS redacts on the basis that it reveals the agency's evaluation ratings of AWS's or Microsoft's proposals, or the relative merits of aspects of those proposals, is not justified. Although AWS is well-positioned to identify its own proprietary information, the Government is the party best positioned to identify information, particularly source selection information, that must be protected to safeguard the competitive process. Our review has determined that the redacted information to which we object, as reflected in our proposed redacted version, does not need to be protected to safeguard the competitive process.

Moreover, even in the event that this protest or other developments result in a renewed evaluation or competition, these judgments would be made anew. In such a circumstance, new

judgments may be based on the same information the parties have already submitted to the agency, in which case it would be difficult to conceive of any possibility for competitive harm to result. Even if the parties were presented with the opportunity to revise parts or all of their proposals, the results of a previous evaluation of substantively different proposals would not cause competitive harm such as to jeopardize the integrity of the competitive process. *Linc Gov't Servs.*, 96 Fed. Cl. at 723; *Akal Sec., Inc.*, 87 Fed. Cl. at 314 n.1.

Likewise, any speculative possibility for competitive harm - in theoretical future procurements - stemming from the parties' awareness of how the Department of Defense evaluated the relative merits of their proposals for this specific procurement is outweighed by the public's interest in access to judicial records. Although "the court need not conduct a sophisticated economic analysis of the likely effects of disclosure[,] ... [c]onclusory and generalized allegations of substantial competitive harm ... are unacceptable and cannot support an agency's decision to withhold requested documents." *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 704 F.2d 1280, 1291 (D.C. Cir. 1983) (citation omitted); *see also Watkins v. U.S. Bureau of Customs & Border Protection*, 643 F.3d 1189, 1195 (9th Cir. 2011). Moreover, it is insufficient for AWS to allege that the information would be commercially embarrassing, as such an impact is not sufficient to overcome the strong presumption of public access. *E.g., Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014); *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998); *Linc Gov't Servs.*, 96 Fed. Cl. at 723.

Additionally, we note that AWS has designated information regarding the Government's evaluation of its own proposal as protected, while declining to protect the Government's assessments of Microsoft's proposal. Although some of this information is in the public domain

for Microsoft, as the awardee, and not for AWS, an unsuccessful offeror, that fact alone does not render the information eligible for withholding from the public domain. Absent a compelling demonstration of the potential for competitive harm, AWS should not be permitted to use the protective order to create an information imbalance in the public record that could itself negatively impact the competitive process in the event of renewed competition for this or other procurements in the future.

    Finally, we note that AWS has redacted a significant quantity of material based on alleged restrictions pursuant to another contract. We have informed AWS of our belief that the Court's protective order is not the proper mechanism to safeguard any material that must be restricted from public disclosure under the terms of that contract. As the protective order makes clear, information is properly withheld from the public record if it is required to be protected to safeguard the competitive process, a standard which does not appear to warrant protection of any of this information. As we informed AWS, we do not, in this filing, object to the redactions to the complaint that AWS filed on this basis. We are making our own inquiries into the requirements of this contract regarding the public release of information referring thereto and, in an abundance of caution and for the time being, we do not object to the temporary continuing redaction of this material. Going forward, however, we note that it is incumbent on AWS, as the proponent of the redactions and as the party introducing this information to the judicial record, to provide further, specific justification for redactions proposed on this basis.

    For these reasons, the United States respectfully requests that the Court strike AWS's redacted complaint (ECF No. 26) and substitute it with the proposed redacted complaint in Attachment B.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
| OF COUNSEL: | s/ Patricia M. McCarthy<br>PATRICIA M. MCCARTHY<br>Assistant Director |
| MICHAEL G. ANDERSON<br>BENJAMIN M. DILIBERTO<br>Assistant General Counsel<br>Washington Headquarters Service &<br>Pentagon Force Protection Agency<br>Office of General Counsel<br>Department of Defense | s/ Anthony F. Schiavetti<br>ANTHONY F. SCHIAVETTI<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7572<br>Fax: (202) 305-1571<br>anthony.f.schiavetti@usdoj.gov |
| TYLER J. MULLEN<br>CCPO Legal Advisor<br>Assistant General Counsel<br>Defense Information Systems Agency<br>Office of the General Counsel |  |
| December 11, 2019 | Attorneys for Defendant |