# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> by and through the U.S. Department of Defense, <br><br> Defendant, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Defendant-Intervenor. | Case No. 19-cv-01796 <br><br> Judge Campbell-Smith |

### AMAZON WEB SERVICES, INC.'S MOTION TO AMEND PROTECTIVE ORDER

Pursuant to Rule 7(b) of the Rules of the U.S. Court of Federal Claims and Paragraph 17 of the Protective Order issued in this case, Amazon Web Services, Inc. ("AWS") moves this Court to amend Paragraph 13 of the Protective Order to increase the number of copies of protected material each party may possess. Plaintiff has consulted with Defendant and Defendant-Intervenor, and neither party objects to this Motion.

The Court will amend a protective order where good cause for the amendment exists. *CBY Design Builders v. United States*, 105 Fed. Cl. 641, 642 (2012) (holding good cause existed to amend protective order).

AWS seeks to amend Paragraph 13 of the Protective Order to allow each party to the protest to maintain up to ten (10) copies of protected material. Good cause exists to increase the number of copies of protected material that each party may possess.

*First*, the Defendant has described the administrative record in this case as "extraordinarily voluminous." Joint Motion to Amend Schedule at 2 (ECF No. 54). AWS intends to retain experts to support AWS in its review and analysis of the record. Without increasing the number of copies of protected material that each party may possess, AWS will not have a sufficient number of copies of protected material to share with its expert consultants, significantly hindering its ability to analyze the record and present its best case before the Court.

*Second*, as this Court has recognized, "the often invoked (and misunderstood) presumptions of regularity and of good faith conduct were traditionally recognized to apply to private parties as well as public actors, and the Federal Circuit has applied both presumptions to the actions of government contractors." *Id.* at 643 (citing *Tecom, Inc. v. United States*, 66 Fed. Cl. 736, 758, 760–62 (2005) and *Alaska Airlines v. Johnson*, 8 F.3d 791, 796 (Fed. Cir. 1993). Accordingly, there is no reason for this Court "to believe that private counsel will be less scrupulous in following the protective order than will be counsel from the Department of Justice." *Id.*

Based on the foregoing, AWS respectfully requests that the Court grant AWS's Motion and increase the number of copies of protected material each party may possess.

Dated:   December 16, 2019          Respectfully submitted,

By: /s/ Kevin P. Mullen
Kevin P. Mullen
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

*Attorney of Record for Plaintiff
Amazon Web Services, Inc.*

*Of Counsel:*

| | |
|---|---|
| J. Alex Ward | Andrew S. Tulumello |
| Sandeep N. Nandivada | Daniel P. Chung |
| Caitlin A. Crujido | GIBSON, DUNN & CRUTCHER LLP |
| Alissandra D. Young | 1050 Connecticut Avenue, NW |
| MORRISON & FOERSTER LLP | Washington, D.C.  20036 |
| 2000 Pennsylvania Ave., NW | |
| Washington, DC  20006-1888 | Theodore J. Boutrous, Jr. |
| | Richard J. Doren |
| | Eric D. Vandevelde |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| | Los Angeles, CA  90071-3197 |