# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE THE SEALED ADMINISTRATIVE RECORD VIA HARD DRIVE OR, IN THE ALTERNATIVE, VIA DVD

Pursuant Rules 7(b) and Appendix E of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests leave to file the sealed administrative record on a secure, portable, external hard drive connected via Universal Serial Bus (USB) or, in the alternative, on a series of Digital Versatile Discs (DVDs). Pursuant to the Court's order dated December 13, 2019, the administrative record is due on January 3, 2020. Counsel for plaintiff, Amazon Web Services, Inc. (AWS), indicated on December 26, 2019, that AWS does not oppose this motion. Counsel for defendant-intervenor, Microsoft Corporation, indicated on December 26, 2019, that Microsoft does not oppose this motion.

Good cause exists to grant this motion. As we have previously notified the Court and the parties, the administrative record in this case is extraordinarily voluminous, consisting of hundreds of individual documents, over 200,000 pages, and over 100 gigabytes of data, including a large quantity of multimedia files. The record comprises a variety of file types and

sizes, many of which present significant challenges in processing, preparing and, we anticipate, filing and transmitting the record to the Court and to the parties.

The challenges in filing and transmitting the administrative record fall broadly into two categories. First, included in the record are a number of video files, many of them extremely large, with the largest of measuring over 12 *gigabytes* for an individual video file. This size renders the documents very difficult to transfer. We have contacted the Court's CM/ECF helpdesk regarding the filing of .mp4 and .mov video files, and were informed that these files cannot be uploaded into the CM/ECF system. Moreover, many of these files far exceed the size limits of the CM/ECF system. Even a DVD cannot hold some of these files – the 12 gigabyte file, for one example, will itself not fit on a single DVD. Breaking up the file to fit on multiple DVDs risks loss of data in the process. As discussed further below, the most efficient method of filing these documents, as well as the method least likely to lead to the loss of data, is to file the complete administrative record via external hard drive.

Second, unfortunately the logistical challenges in filing the administrative record are not limited to the video files alone. Even without the video content, the record comprises several hundred individual Portable Document Format (PDF) files. At least 16 of these files exceed – in some cases dramatically – the current maximum limit for a single PDF file for the Court's electronic filing (CM/ECF) system, set at 50 megabytes. *CM/ECF File Size Limit Increased to 50 MB*, U.S. Court of Federal Claims, *available at* https://www.uscfc.uscourts.gov/node/2892. One file, for example, consumes almost 700 megabytes. Uploading this file to the CM/ECF system would require breaking it into at least 14 separate files, which risks loss of data and, at a

minimum, is less efficient and potentially makes viewing the record more difficult and time-consuming.

Given the need to break up these large files and the sheer quantity of documents to upload, we would have to file the record across a number of separate docket entries. We would either have to upload approximately *several hundred* separate PDF documents, or attempt to combine the files that are less than 50 megabytes to reduce that total number of uploads, each of which brings additional opportunity for the system to crash.

Even if the Court were to permit us to file the individual files exceeding 50 megabytes on DVD, combining the hundreds of remaining files that are less than 50 megabytes into 50-megabyte PDF files poses its own challenges. Adobe Acrobat, the software we use to process and combine PDFs, does not consistently handle more than several dozen PDFs at one time without hanging or crashing. Thus, although Acrobat allows one to split a PDF into smaller files of a specified size, it cannot combine several hundred files at one time without crashing. We have tried several different ways to create 50-megabyte files for more efficient filing, all without success thus far. Even adding pagination to many of the voluminous PDFs, which contain resource-intensive graphics and layouts, has presented challenges.

Additionally, the combined size of the files presents problems for electronic filing. The PDF files alone comprise several gigabytes of data. Even if we could easily combine many smaller PDF files into files just under the 50 megabyte limit for individual files – and, as we explain above, we have not been able to do so successfully or efficiently – that would still represent dozens of separate PDFs. Uploading that many large PDFs to CM/ECF can be problematic. The Court's website notes that "[w]hen uploading the attachments, if you

3

experience delays or failure, add fewer attachments to complete the filing and then include the remainder of the attachments in a supplemental filing." *CM/ECF FAQ*, U.S. Court of Federal Claims, *available at* www.uscfc.uscourts.gov/cmecf-faq#PDF.[1]

Moreover, PDF files often contain links, bookmarks, and other digital artifacts that cause problems when uploading those files to CM/ECF. As the Federal Circuit's Electronic Filing Procedures manual explains, "[w]hen uploading a document to CM/ECF, the system checks for whether the document contains encryption, scripts, links, form fields, or executables. The system will not accept any files with these items." *See Electronic Filing Procedures*, Clerk's Office, U.S. Court of Appeals for the Federal Circuit 29 (Oct. 2019, ver. 2.4), *available at* www.cafc.uscourts.gov/sites/default/files/cmecf/ElectronicFilingProcedures.pdf. To overcome this, "users must lock or 'flatten' the PDF document before filing." *Id.* ("To flatten a PDF document, print the document as a PDF and then save the document."). Many of the administrative record documents here contain such information, including links, attachments, and bookmarks. Printing all of the PDF files to "flatten" them would require significant time and resources.[2] And, for the reasons explained above, combining all the separate PDFs into several volumes for flattening has not proved to be efficient, because of the propensity for Acrobat to crash when dealing with large files such as those that comprise the administrative record.

---

[1] As late as 2016, the Court's Appendix E limited the number of files that may constitute a single filing to 11 (i.e., the main document and 10 attachments). The Clerk's office recently indicated to us, in connection with the record we filed in a series of very large consolidated protests, that, although there is now no theoretical limit on the number of attachments that may be submitted, the CM/ECF system starts to slow down and "time-out" if trying to add large numbers of attachments.

[2] Flattening the documents also removes bookmarks that may otherwise be helpful in navigating these voluminous PDFs.

Filing the administrative record on an external hard drive instead of via the CM/ECF system will greatly alleviate the logistical challenges described above, and is the most efficient method of filing the record. Moreover, this method will allow files to remain intact, eliminating the chance of inadvertent data loss in the processing of files for upload to the CM/ECF system. Additionally, filing the administrative record on a hard drive will make the record easier to navigate and review for the Court and the parties. Documents can be organized neatly and sequentially by tab number, rather than filing combined PDF files that span multiple tabs and, at times, start and stop mid-tab, as the alternative approach may necessitate. The United States intends to sequentially Bates stamp all documents in the administrative record (excluding video files), making reference to the Bates-stamped page number simple and consistent.

Additionally, the hard drive the United States proposes to use, Ironkey model H100, is compliant with the Federal Information Processing Standards (FIPS) 140-2, with level 3 validation. The drive features AES 256-bit encryption to provide additional security, yet does not require the installation of drivers or other software to access the data loaded onto the drive.

Although not as efficient as an external hard drive, which would allow filing of the entire administrative record undivided, filing by DVD would retain most of the benefits of the approach described in the previous two paragraphs. We estimate that over 20 DVDs will be necessary to contain the entire administrative record, and this approach will require dividing the record among these DVDs. The majority of the record – excluding the video files – can fit on one DVD, however. The video files can be separated onto the remaining DVDs. In the event that the Court is unable to accept a filing via external hard drive, we respectfully request that filing of the administrative record via a series of DVDs be permitted instead.

Finally, we note that we intend to file, as part of the administrative record in this case, the administrative record filed in an earlier, though largely unrelated, protest of the same procurement, *Oracle America, Inc. v. United States*, No. 18-1880C. Many of the documents in the administrative record of the challenged decisions in that case are part of the administrative record of the Department of Defense's decision to award the Joint Enterprise Defense Infrastructure (JEDI) contract to Microsoft, the decision that is challenged here. Although many other documents that were part of the administrative record in *Oracle* were not developed and considered as part of the decision to award the JEDI contract to Microsoft, in and abundance of caution and consistent with our effort to produce a fulsome record, we intend to include the administrative record filed in *Oracle*, as contemplated in subparagraph (u) of the non-binding list of potential contents of an administrative record contained at Appendix C, paragraph 22 of the Court's rules.[3] Parts of the *Oracle* administrative record, which was filed on DVD, are protected pursuant to a protective order issued by this Court in that case, and are marked as such. COFC

---

[3] Although we intend to file the *Oracle administrative record* in this case, we do not intend to file the entire *Oracle trial court record* in this case, *e.g.*, briefs, scheduling orders, etc. To the extent that the Court reads subparagraph (u) to require that the *Oracle trial court record* be part of the administrative record in this case, we note that, except for the administrative record, the judicial record of the proceedings in *Oracle* is already contained in the Court's CM/ECF system. Furthermore, several of the documents on file in that case remain under seal and subject to the terms of a protective order to which certain parties and counsel in this case are not admitted. To the extent that the Court directs that we nevertheless include a reflection of the judicial record within our administrative record, we propose to file the docket sheet, rather than refiling the entire record of the proceedings before the Court.

Finally, we note that certain documents were added to the *Oracle* administrative record later in the proceedings, pursuant to a Court order, by dint of having been attached to the parties' briefs in the case. *Oracle America, Inc. v. United States*, No. 18-1880C, ECF No. 76 at ¶ 4. As with the rest of the trial court record described above, because those materials are already contained in the Court's CM/ECF system, we do not intend to include them again here in the administrative record. *See Oracle America, Inc. v. United States*, No. 18-1880C, ECF Nos. 84, 90, 92, 95, 97.

No. 18-1880C, ECF No. 9. We intend to file those documents under the protection of this Court's protective order issued in this case (ECF No. 18), as part of the administrative record of this matter.

For these reasons, the United States respectfully requests that the Court grant this unopposed motion for leave to file the administrative record on an external hard drive or, in the alternative, on a series of DVDs.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

| OF COUNSEL: | |
|---|---|
| MICHAEL G. ANDERSON | s/ Anthony F. Schiavetti |
| BENJAMIN M. DILIBERTO | ANTHONY F. SCHIAVETTI |
| Assistant General Counsel | RETA E. BEZAK |
| Washington Headquarters Service & | Trial Attorneys |
| Pentagon Force Protection Agency | U.S. Department of Justice |
| Office of General Counsel | Civil Division |
| Department of Defense | Commercial Litigation Branch |
| | PO Box 480 |
| TYLER J. MULLEN | Ben Franklin Station |
| CCPO Legal Advisor | Washington, D.C. 20044 |
| Assistant General Counsel | Tel: (202) 305-7572 |
| Defense Information Systems Agency | Fax: (202) 305-1571 |
| Office of the General Counsel | anthony.f.schiavetti@usdoj.gov |
| | |
| December 27, 2019 | Attorneys for Defendant |