## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor-defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION
## TO AMEND THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully moves to amend the administrative record in this case. After we filed the administrative record, plaintiff, Amazon Web Services, Inc. (AWS), indicated that it believed that certain documents were missing from the administrative record and should be added. We determined that it was appropriate to include the documents described below as part of the administrative record. We have also included an amended index with this motion. Counsel for AWS and intervenor-defendant, Microsoft Corporation (Microsoft), have indicated that they do not oppose this motion.

First, we propose to replace the current Tab 418 with a new Tab 418. As described in the index, Tab 418 was supposed to be a printout of an Excel file from Microsoft's final proposal revision. Instead, we inadvertently included a printout of an Excel file from AWS's final

proposal revision.[1]  Accordingly, we propose to replace Tab 418 with the document that was intended to be included.

The new Tabs 495 to 516 constitute unclassified references to the solicitation's Joint Enterprise Defense Infrastructure (JEDI) Cyber Security Plan, to the extent they are not already in the administrative record.  *See* Tab 2, AR 112-13.[2]  Also, reference D.11, "National Security Telecommunications and Information Systems Security Advisory Memoranda Level I: Compromising Emanations Laboratory Test Standard," is a classified document that we will file with the Court's appointed classified information security officer if this motion is granted. Although it is our position that these "References" are not required to be included in the administrative record, we are moving to include them to avoid an unnecessary dispute with AWS.

The new Tabs 517 to 533 are attachments to e-mails in Tab 343 that were inadvertently omitted from the administrative record.

The new Tabs 534 to 544 are attachments to the Price Evaluation Board's evaluation of interim proposal revisions (Tab 337) that were inadvertently omitted from the administrative record.

The new Tabs 545 to 547 are documentation of the JEDI peer review process that were inadvertently omitted from the administrative record.

---

[1] A printout from the same AWS Excel file is also located at Tab 382, correctly described.

[2] Reference D.3 is located at Tab 142.  The final pre-award version of Reference D.8 is located at Tab 49.  Reference D.12 is located at Tab 115, AR 7913-21.

The new Tab 548 is a read-ahead memorandum for an August 29, 2019 information session for Secretary of Defense Mark Esper, which was inadvertently omitted from the administrative record.  The new Tab 549 is an attachment to a read-ahead memorandum for a September 10, 2019 information session for Secretary Esper.  This document was initially omitted from the administrative record because it is labeled "Attorney Work Product."  Upon further examination, however, we determined that this document does not contain any information subject to the attorney-client privilege or work product doctrine, nor is it deliberative in nature.  Accordingly, we are including it in our proposed amendment to the administrative record.  And the new Tab 550 is an attachment to a read-ahead memorandum for a September 26, 2019 information session for Secretary Esper that was inadvertently omitted from the administrative record.

The remainder of the new documents that we propose to add to the administrative record (Tabs 551 to 558) are miscellaneous memoranda and correspondence that were inadvertently omitted from the administrative record.

AWS has also requested that we file native Excel files of documents that are in the existing administrative record.  Although native files are not necessary to complete the administrative record, we are including native Excel files from Tabs 309, 311, 313, 316, 317, 319, 322, 374, 376, 377, 378, 381 to 384, 417, 418, 420 to 430, 434 to 437, 475, 517, 518, 520 to 542.[3]  Because ECF filings must be in portable document format (PDF), and we are including

---

[3] Although the native Excel files will not have protective order labels, all of these files, except Tab 533, should be considered subject to the protective order, in accordance with the protective order label on the DVD itself.

Excel files in our amendment to the administrative record, we respectfully request leave to file the amendment to the administrative record on DVD (except for the classified portion, which will need to be filed with the classified information security officer pursuant to the protective order in this case).[4]

Finally, in the January 27, 2020 status report, we indicated that we intended to produce the demonstration logs for both AWS and Microsoft, if possible, but we did not have access to the logs at that time. Since then, the Department of Defense has obtained access to the logs and provided them to the Department of Justice. The documents are contained in 16 zip files with a total size of nearly 750 MB (when zipped). Some of these zip files have numerous subfolders, and it appears that most of the ultimate files are in unfamiliar formats (*e.g.*, .go, .yml, .sh), though it also appears that many of these files can be opened as text files with "Notepad." Attempting to convert all of the files to PDF for inclusion in the administrative record as a tab or tabs would likely be a burdensome process and, importantly, would eliminate the folder and file names, which may impede the other parties' review of these particular documents. Accordingly, to facilitate review by the parties, we respectfully request leave to file the demonstration logs in native format, on DVD, as we have them in our records.[5] We also respectfully request that the Court order that, if any party deems a demonstration log file relevant to its arguments, it print

---

[4] We are serving DVD copies of the proposed unclassified amendment on AWS and Microsoft counsel today. We will file the amendment with the Court when granted leave to do so.

[5] Although the native demonstration log files will not have protective order labels, all of these files should be considered subject to the protective order, in accordance with the protective order label on the DVD itself.

that file to PDF and attach it to the brief in which it is citing the document (with an explanation of the file path to the native document), so that the Court may more easily review the relevant documents.

For these reasons, we respectfully request that the Court grant our motion to amend the administrative record.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

| | |
|---|---|
| WILLIAM P. RAYEL<br>Senior Trial Counsel<br>U.S. Department of Justice | s/ Patricia M. McCarthy<br>PATRICIA M. MCCARTHY<br>Assistant Director |
| MICHAEL G. ANDERSON<br>BENJAMIN M. DILIBERTO<br>Assistant General Counsel<br>Washington Headquarters Service &<br>Pentagon Force Protection Agency<br>Office of General Counsel<br>Department of Defense | s/ Anthony F. Schiavetti<br>ANTHONY F. SCHIAVETTI<br>RETA E. BEZAK<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7572<br>Fax: (202) 305-1571<br>anthony.f.schiavetti@usdoj.gov |
| TYLER J. MULLEN<br>CCPO Legal Advisor<br>Assistant General Counsel<br>Defense Information Systems Agency<br>Office of the General Counsel | |
| January 31, 2020 | Attorneys for Defendant |