# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

AMAZON WEB SERVICES, INC.,

                Plaintiff,

    v.

UNITED STATES OF AMERICA,
by and through the U.S. Department of Defense,

                Defendant,

     and

MICROSOFT CORPORATION,

                Defendant-Intervenor.

Case No. 19-1796 C

Judge Campbell-Smith

█████████████

**FINAL REDACTED VERSION**

**PLAINTIFF'S █████ MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE AND SUBSTITUTE
AND PLAINTIFF'S CROSS-MOTION TO STRIKE AND SUBSTITUTE**

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........................................................................................................................ 1

QUESTION PRESENTED ........................................................................................................ 2

STATEMENT OF THE CASE .................................................................................................. 2

ARGUMENT .............................................................................................................................. 4

    Disputed Redactions of Information Concerning AWS's Proposed Price ................................. 8

    Disputed Redactions of Information Concerning AWS's Proposed Technical Solution ........... 8

    Disputed Redactions of AWS's Technical Ratings and Comparisons to Microsoft ................ 10

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Akal Sec., Inc. v. United States*, 87 Fed. Cl. 311 (2009) ................................................................. 7

*AM General, LLC v. United States*, 115 Fed. Cl. 653 (2014) ........................................................ 7

*Avion Solutions, Inc. v. United States*, 1:14-cv-01084-MCW (Nov. 14, 2014), ECF No. 27 ........ 6

*Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808 (Fed. Cir. 2008) ............................................ 6

*Def. Tech. Inc. v. United States*, 99 Fed. Cl. 103 (2011) ............................................................ 7

*In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011) .................................................... 6

*Linc Gov't Svcs., LLC v. United States*, 96 Fed. Cl. 672 (2010) ................................................... 7

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ............................................................. 4

*Siedle v. Putnam Investments, Inc.*, 147 F.3d 7 (1st Cir. 1998) .................................................... 7

*The Tolliver Group, Inc. v. United States*, 1:14-cv-01083-MCW (Nov. 14, 2014), ECF No. 27 .. 6

*Torres Advanced Enter. Sols. LLC v. United States*,
   135 Fed. Cl. 1 (2017) ........................................................................................................... 4, 7

*Watkins v. U.S. Bureau of Customs & Border Protection*,
   643 F.3d 1189 (9th Cir. 2011) ............................................................................................. 6

**STATUTES**

41 U.S.C. § 2101(7) (2012) ........................................................................................................ 5

41 U.S.C. § 2102(a)(1) .............................................................................................................. 7

**REGULATIONS**

48 C.F.R. § 15.207(b) ............................................................................................. 7

48 C.F.R. § 15.506(d)(2) ......................................................................................... 5

48 C.F.R. § 2.101 .................................................................................................... 5

48 C.F.R. § 3.104-4(b) ............................................................................................ 7

## INTRODUCTION

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims and Paragraph 12 of the Court's Protective Order, Plaintiff, Amazon Web Services, Inc. ("AWS"), files this memorandum in support of Plaintiff's Opposition to Defendant's Motion to Strike and Substitute and Plaintiff's Cross-Motion to Strike and Substitute. *See* Defendant's Motion, ECF No. 53.

Attachment A to Defendant's motion is a version of Plaintiff's Redacted Complaint with red boxes added to indicate AWS's redactions and yellow highlights added to indicate the redacted language Defendant objects to protecting. *See* Defendant's Motion at 2; *see also* Defendant's Motion, Attach. A, ECF No. 53-1.

Exhibit 1 to Plaintiff's motion is a version of Defendant's Attachment A with blue strikethroughs added to indicate those Defendant objections to redactions that AWS does not dispute (*i.e.*, language in the Complaint that Plaintiff now agrees should not be redacted, after considering Defendant's objections). The yellow-highlighted language in Exhibit 1, which Plaintiff has redacted and to which Defendant objects, remains in dispute (*i.e.*, language in the Complaint that Plaintiff continues to request be redacted, despite Defendant's objections).

Exhibit 2 to Plaintiff's motion is an Updated Proposed Redacted Complaint, reflecting the redactions Plaintiff has determined, after considering Defendant's objections, to be necessary to protect AWS's proposal information and related source selection information.

As discussed below, Defendant does not have a legitimate basis to object to the disputed redactions in Plaintiff's Redacted Complaint. Those redactions protect AWS's proposal information, which is proprietary and confidential, and they protect related source selection information, which is competitively sensitive. Accordingly, Plaintiff requests the Court DENY

Defendant's Motion and GRANT Plaintiff's Cross-Motion; and, in this regard, Plaintiff requests that the Court strike Plaintiff's Redacted Complaint (ECF No. 26) and substitute the Updated Proposed Redacted Complaint, attached here as Exhibit 2.

## QUESTION PRESENTED

Are Defendant's objections to the redactions in Plaintiff's Complaint legally sufficient to override the protections owed to confidential and proprietary proposal information and competitively sensitive source selection information, the public release of which would cause Plaintiff competitive harm in the event of a recompetition for the contract at issue in this bid protest?

## STATEMENT OF THE CASE

On November 22, 2019, Plaintiff filed its Sealed Complaint, along with a Proposed Redacted Version of the Complaint. *See* Sealed Compl., ECF No. 1; Sealed Proposed Redacted Version Compl., ECF No. 11. Plaintiff filed the Complaint under seal to protect from public disclosure two types of sensitive information: (i) information concerning AWS's proposal submitted in response to the Joint Enterprise Defense Infrastructure ("JEDI") solicitation, and (ii) source selection information, obtained by AWS from the Department of Defense ("DoD") through the post-award debriefing process, concerning the evaluation of AWS's proposal.

On November 29, 2019, Defendant communicated its objections to certain of the redactions in Plaintiff's Proposed Redacted Complaint. On December 4, 2019, Defendant-Intervenor, Microsoft Corporation ("Defendant-Intervenor" or "Microsoft"), concurred in large part with Defendant's objections. On December 5, 2019, Plaintiff responded to Defendant and Defendant-Intervenor regarding their objections to the Complaint redactions. Although Plaintiff maintained

the appropriateness of almost all of the proposed redactions, it agreed to accommodate certain of the objections by removing selected redactions.

On Friday, December 6, 2019, Defendant and Defendant-Intervenor replied to Plaintiff's redaction position, arguing the objections were consistent with legal precedent. Plaintiff, in turn, expressed its continued disagreement, but offered to discuss the redactions and objections by telephone. Defendant and Defendant-Intervenor declined the invitation for discussion, and instead requested Plaintiff file a Redacted Complaint that included any and all redactions proposed by the parties. In making this request, Defendant and Defendant-Intervenor stated they reserved the right to seek resolution by the Court of the disputed redactions after the filing. Plaintiff agreed to file a Redacted Complaint, including any and all redactions proposed by the parties, after considering the disputed redactions again, in an effort to minimize the need for subsequent resolution by the Court. Plaintiff also advised opposing counsel that their request was inconsistent with the Protective Order, which allows for Court resolution of disputed redactions before filing of the Redacted Complaint, but does not provide the right to seek resolution after filing of the redacted pleading. *See* Protective Order, ECF No. 18

On Monday, December 9, 2019, Plaintiff filed a Redacted Complaint. *See* Redacted Compl., ECF No. 26.

On December 10, 2019, Defendant filed a Notice of Objection to Certain Material Designated as Protected (ECF No. 50) and a Proposed Redacted Complaint (ECF No. 51), requesting that the Court strike the redacted Complaint filed by Plaintiff and replace it with Defendant's proposed redacted version.

On December 11, 2019, the Court struck the two pleadings, explaining that a motion rather than a notice was required to pursue the relief Defendant was seeking. *See* Order, ECF No. 52.

After reviewing the Court's order, Plaintiff contacted Defendant and Defendant-Intervenor to determine whether the parties could discuss the redactions further, in an effort to avoid the need for resolution by the Court. Defendant and Defendant-Intervenor declined, indicating they preferred the Court rule on the disputed redactions. Defendant then filed the Motion to Strike and Substitute (ECF No. 53), to which Plaintiff now responds.

## ARGUMENT

Plaintiff readily acknowledges and supports the well-established policy and presumption of public access to judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). It also is well-established, however, that the public's right to access judicial records is not absolute. Courts will deny public access to judicial records when those records contain "business information that might harm a litigant's competitive standing." *Id.* at 598.

Pertinent to this bid protest and as recognized by this Court, the public's right to such records is limited when the disclosure of information in a party's pleadings could cause competitive harm or could undermine the fairness of a competitive Government procurement. *See, e.g., Torres Advanced Enter. Sols. LLC v. United States*, 135 Fed. Cl. 1, 9 (2017) (finding proposal information, total evaluated prices, and price-related discussions were "protected information," the release of which could cause competitive harm). Indeed, the Protective Order issued in this case allows for the redaction of "information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information." Protective Order at 1.

In its Motion to Strike and Substitute, Defendant objects to certain of the Complaint redactions, arguing the underlying information concerns DoD's evaluation judgments and, therefore, its disclosure would not cause AWS competitive harm. *See* Defendant's Motion at 3-6.

Defendant argues this is not the kind of information the Protective Order is meant to shield from public release. Defendant's assessment of the redacted information's competitive importance, as well as its view of the Protective Order's coverage of such information, are incorrect.

The disputed redacted information, while indicative of DoD's evaluation judgments as Defendant describes, reveals the details of AWS's confidential price and proprietary technical solution in many instances, and, in other instances, it reveals DoD's comparison of AWS to Microsoft, which is competitively sensitive source selection information. Contrary to Defendant's position, this is precisely the type of information the Protective Order is meant to exempt from public access, in order to avoid competitive harm and "safeguard the competitive process." *See* Protective Order at 1; *see also* 41 U.S.C. § 2101(7) (2012) (defining source selection information to include proposed costs or prices; technical evaluations of proposals; cost or price evaluations of proposals; rankings of bids, proposals, or competitors; and reports and evaluations of source selection panels, boards, or advisory councils); *accord* 48 C.F.R. § 2.101.

Defendant argues Plaintiff's redactions are internally inconsistent because "AWS has designated information regarding the Government's evaluation of its own proposal as protected, while declining to protect the Government's assessments of Microsoft's proposal." Defendant's Motion at 5. Defendant's objection ignores the practical reality of the Government's debriefing procedures. Although agencies routinely disclose the price and technical evaluation ratings of a contract awardee like Microsoft to an unsuccessful offeror like AWS through a formal debriefing, the corresponding information of the unsuccessful offeror remains protected from disclosure. *See* 48 C.F.R. § 15.506(d)(2) (requiring the debriefing to include "[t]he overall evaluated cost or price (including unit prices), and technical rating, if applicable, of the successful offeror"); 48 C.F.R. § 15.506(d)(4) (requiring the debriefing to include a "summary of the rationale for award"). The

fact that Microsoft's price and technical ratings were disclosed during the debriefing process and, therefore, are no longer protected, does not change the fact that AWS's proposed price and technical ratings remain confidential and must be protected to avoid competitive harm.

Defendant's position also runs counter to the Government's established practice in bid protests – including the past practice of Defendant's counsel in this case – to protect an unsuccessful offeror's sensitive information, while disclosing the contract awardee's information previously released in a debriefing. For example, in *The Tolliver Group, Inc. v. United States*, the parties agreed the final redacted Complaint would protect the plaintiff's technical rating under each evaluation factor, but disclose the contract awardee's ratings. *See* 1:14-cv-01083-MCW (Nov. 14, 2014), ECF No. 27. Protester's counsel and defendant's counsel reached the same redaction result in *Avion Solutions, Inc. v. United States*. *See* 1:14-cv-01084-MCW (Nov. 14, 2014), ECF No. 27. The contrary position taken by Defendant's counsel here – inconsistent with the realities of the Government procurement process and past Government practice, including the past practice of Defendant's counsel – is blatantly unfair to AWS.

The case law cited in Defendant's motion, purported to support removal of the Complaint's disputed redactions, is off point. Much of Defendant's noted legal authority does not involve a bid protest at all. *See e.g.*, *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008); *Watkins v. U.S. Bureau of Customs & Border Protection*, 643 F.3d 1189 (9th Cir. 2011); *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7 (1st Cir. 1998). And none of the cited opinions involve the circumstances relevant here: a dispute concerning the public release of competitively sensitive information in a sealed pleading during the course of a bid protest that, if decided in the plaintiff's favor, could result in a recompetition for the contract at issue. Instead, Defendant relies on opinions involving a dispute

over the release of information in a court decision at the conclusion of litigation in which the court rejected the plaintiff's allegations, thereby extinguishing the possibility of a recompetition and the related competitive harm. *See e.g. AM General, LLC v. United States*, 115 Fed. Cl. 653, 660 n. 1 (2014); *Def. Tech. Inc. v. United States*, 99 Fed. Cl. 103, 106 n.* (2011); *Linc Gov't Svcs., LLC v. United States*, 96 Fed. Cl. 672, 723-724 (2010); *Akal Sec., Inc. v. United States*, 87 Fed. Cl. 311, 314 n. 1 (2009).

An unsuccessful offeror's proposal information and related source selection information – in pleadings filed during a bid protest – are protected from public disclosure to prevent competitive harm to the litigant and to ensure the integrity of any recompetition. *See* 48 C.F.R. § 3.104-4(b) ("[c]ontractor bid or proposal information and source selection information must be protected from unauthorized disclosure in accordance with [FAR 15.207], applicable law, and agency regulations."); 41 U.S.C. § 2102(a)(1) (providing that source selection information may not be disclosed "before the award of a Federal agency procurement contract to which the information relates"); 48 C.F.R. § 15.207(b) ("[p]roposals shall be safeguarded from unauthorized disclosure throughout the source selection process"). Consistent with this Court's on-point precedent, the Complaint's redactions properly protect sensitive information that, if publically disclosed, would provide Microsoft an unfair competitive advantage in any recompetition for the JEDI contract that might result from this bid protest. *See, e.g., Torres Advanced Enter. Sols. LLC v. United States*, 135 Fed. Cl. 1, 9 (2017) (finding information regarding protester's price and technical proposal were appropriately redacted from court's decision, pursuant to Protective Order, to avoid competitive harm).

As explained in more detail below, the Court should confirm the validity of the disputed Complaint redactions – and deny Defendant's motion – to protect AWS from the very competitive harm the Protective Order is intended to prevent.

Disputed Redactions of Information Concerning AWS's Proposed Price

The redactions in Complaint Paragraphs 188 and 218 protect information that would reveal AWS's total evaluated price and the fact that it was higher than Microsoft's total evaluated price. *See* Ex. 1 ¶¶ 188, 218. Specifically, Paragraph 188 states Microsoft proposed a lower price and identifies the percentage difference compared to AWS's price. Paragraph 218 discusses the impact on the best-value tradeoff for the JEDI contract award, had DoD properly determined AWS offered a technically superior proposal. *See* Ex. 1 ¶¶ 188, 218. AWS's price is confidential, of course, and its relative technical standing is source selection sensitive. Disclosure of this redacted information would harm AWS in any JEDI recompetition by revealing information explicitly covered by the Protective Order that would inform the revision of Microsoft's price and technical proposal for resubmission to DoD.

Disputed Redactions of Information Concerning AWS's Proposed Technical Solution

The redacted language in Paragraphs 26, 119(g), 119(h), and 119(i) protects details regarding DoD's evaluation of AWS's Nitro hypervisor ████████████████████████████
████████████████████████████████████████████████████████████████████████████.
*See* Ex. 1 ¶¶ 26, 119(g)-(i). Redaction of this material is appropriate because this information, if released, would cause competitive harm to AWS by informing Microsoft ████████████████
████████████████████████████████████. With this information, Microsoft could revise its proposal on recompete to address ████████████████████████████
████████████████████████████████████████.

The redactions in Complaint Paragraphs 122, 126, and 129(b), and in the heading preceding Paragraph 125, protect details regarding AWS's tactical edge device offering. *See* Ex.1 ¶¶ 122, 126, 129(b); *see also id.* at 61 (heading preceding ¶ 125). Specifically, the redactions in Paragraph 122 and the heading preceding Paragraph 125 protect from public disclosure the fact that DoD wrongly determined ████████████████████████████████████████ *See* Ex. 1 ¶ 122; *see also id.* at 61 (heading preceding ¶ 125). The redactions in Paragraphs 126 and 129(b) identify the specific tactical edge devices proposed ████████████████████████████ ████ under Factor 3. *See* Ex. 1 ¶¶ 126, 129(b). Redaction of this information protects from public release the specific tactical edge devices ████████████████, as well as DoD's views of the proposed devices. If the redactions are removed, Microsoft could exploit this information in any JEDI recompetition by revising its proposal to match AWS's tactical edge advantages, ████ ████████████████████████████.

The redactions in Complaint Paragraph 150(a) protect from public disclosure the number of AWS-proposed Content Delivery Network Points of Presence. *See* Ex. 1 ¶ 150(a). While Defendant agrees ████████████████████████████████████████████ ████████████████████████. *See id.* ¶ 150(a) ████████████████. Defendant's limited redaction, however, is insufficient. ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████.

This information regarding an important AWS advantage in existing cloud infrastructure could inform Microsoft's revised proposal approach in any JEDI recompetition.

The redactions in Complaint Paragraphs 7, 142, and 148 protect from public disclosure details regarding AWS's third-party marketplace offerings. *See* Ex. 1 ¶¶ 7, 142, 148. Paragraphs

7 and 142 relate to the number of third-party marketplace offerings available to DoD at the time of award, while Paragraph 148 indicates ███████████████████████████████ ███████████████████████████████████ *See id.* Defendant agrees that ██████████ ███████████████████████████████████████████████████ ████████ in Paragraphs 7 and 142, and it objects to the Paragraph 148 redactions in their totality. *See id.* ¶ 7 ██████████████████████████ ; *see also id.* ¶ 142 ████████ ██████████████████████████████. Releasing ████████████████ ████████ in Paragraphs 7 and 142, however, would provide Microsoft with insight into AWS's proposed marketplace approach, especially if paired with the disputed redacted language in Paragraph 148.

Specifically, the qualifying language in Paragraph 7 would reveal to Microsoft that AWS proposed ████████████████ third-party marketplace offerings would be available at the time of award. Paragraph 142's ████████████████████████████████████ ██████████████████. If the disputed redactions in the three paragraphs are removed, Microsoft could deduce the approximate number of AWS's proposed offerings, as well as the fact that DoD concluded ██████████████████████████████████████████ ████████ Unless this information remains redacted, Microsoft will be positioned to revise its proposal specifically in reaction to AWS's third-party marketplace approach and DoD's evaluation, and thereby obtain an unfair advantage in any JEDI recompetition.

Disputed Redactions of AWS's Technical Ratings and Comparisons to Microsoft

The redactions in the following Complaint paragraphs remain in dispute as well: 4, 10, 82, 107, 110, 119(j), 120, 121, 122, 129(a), 131, 132, 137, 139, 140, 152, 153, 158, 159, 160(a), 161,

162, 166, 167, 168, 172, 188, 194, 198, 201, 202, 203, 204, 205, 206, 217, 218, and 222. *See* Ex. 1. The material redacted in these paragraphs constitutes source selection information – *i.e.*, DoD's evaluation ratings for AWS's proposal, ███████████████████████, DoD statements regarding technical discriminators, and DoD statements regarding the relative standing of Microsoft vis-à-vis AWS under each evaluation factor. The release of this sensitive information would cause substantial competitive harm to AWS, in the event of a recompetition for the JEDI contract.

The debriefing process has revealed to AWS (and Microsoft) the DoD's evaluation ratings for Microsoft's proposal. AWS's evaluation ratings and the related comparisons to Microsoft's evaluation, however, remain protected source selection information. If the disputed redactions are removed, Microsoft would know – to AWS's detriment – exactly where to focus its proposal revisions in any JEDI recompetition. For example, if it were disclosed that Microsoft had a better rating under a particular evaluation factor, it could prioritize cost-saving proposal revisions rather than technical improvements in that evaluation area. Accordingly, the Court should deny Defendant's request to release the protected information in the aforementioned paragraphs.

## CONCLUSION

For the foregoing reasons, AWS requests the Court DENY Defendant's Motion and GRANT Plaintiff's Cross-Motion.

Dated:  December 26, 2019

Respectfully submitted,

By:  _Kevin P. Mullen_ (signature)

Kevin P. Mullen
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

*Attorney of Record for Plaintiff,*
*Amazon Web Services, Inc.*

*Of Counsel:*

J. Alex Ward
Sandeep N. Nandivada
Caitlin A. Crujido
Alissandra D. Young
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888

Andrew S. Tulumello
Daniel P. Chung
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500

Theodore J. Boutrous, Jr.
Richard J. Doren
Eric D. Vandevelde
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
(213) 229-7000