**Redacted Version**

No. 19-1796C
(Judge Patricia E. Campbell-Smith)

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

AMAZON WEB SERVICES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

MICROSOFT CORPORATION,

Intervenor-defendant.

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

OF COUNSEL:

WILLIAM P. RAYEL
Senior Trial Counsel
U.S. Department of Justice

MICHAEL G. ANDERSON
BENJAMIN M. DILIBERTO
Assistant General Counsel
Washington Headquarters Service &
Pentagon Force Protection Agency
Office of General Counsel
Department of Defense

TYLER J. MULLEN
CCPO Legal Advisor
Assistant General Counsel
Defense Information Systems Agency
Office of the General Counsel

February 3, 2020

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR
Director

PATRICIA M. MCCARTHY
Assistant Director

ANTHONY F. SCHIAVETTI
RETA E. BEZAK
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 305-7572
Fax:  (202) 305-1571
anthony.f.schiavetti@usdoj.gov

Attorneys for Defendant

## TABLE OF CONTENTS

STATEMENT OF THE ISSUE ....................................................................................2

STATEMENT OF THE CASE .....................................................................................2

ARGUMENT ...............................................................................................................3

    I.      Standards .....................................................................................................3

          A.      The Contents Of The Administrative Record ..............................3

          B.      Standard For A Motion To Complete The Administrative Record ............5

    II.      The Amended Record Is Complete With Regard To The Meetings With Secretary Of Defense Mark Esper, and Deputy Secretary Of Defense David Norquist ......................................................................................................6

    III.      The Administrative Record Does Not Need To Include Additional Communications With Stacy Cummings .....................................................7

    IV.      The Administrative Record Does Not Need To Include Additional Materials Relating To The Recusals Of Secretary Esper and Ms. Cummings .......................9

    V.      The Administrative Record Does Not Need To Include Further Documentation Of Post-September 27, 2019 Meetings .........................................9

    VI.      The Administrative Record Is Complete With Regard To Meetings With AWS And Microsoft ...........................................................................................10

    VII.      The Amended Administrative Record Will Be Complete With Regard To Evaluation Notices ....................................................................................10

    VIII.      The Amended Administrative Record Contains The Responses To AWS's E-mails Asking Clarifying Questions ....................................................11

    IX.      The Administrative Record Is Not Required to Contain Deliberative Internal Discussions On E-mail, Slack, Google Hangouts, *Etc.* .........................11

    X.      The Administrative Record Is Not Required to Contain Drafts And Notes Relating To JEDI Evaluations ............................................................14

    XI.      The Administrative Record Includes The Appropriate Recordings Of The Factor 8 Demonstrations ...........................................................................16

XII.    The Amended Administrative Record Will Be Complete With Regard To The
        Factor 8 Demonstration Logs..................................................................................17

CONCLUSION............................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Bar MK Ranches v. Yuetter*,
  994 F.2d 735 (10th Cir. 1993) .................................................. 5

*Beta Analytics Int'l, Inc. v. United States*,
  61 Fed. Cl. 223 (2004) .......................................................... 12

*Bimini Superfast Ops. LLC v. Winkowski*,
  994 F. Supp. 2d 103 (D.D.C. 2014) .......................................... 5

*Blue Ocean Inst. v. Gutierrez*,
  503 F. Supp. 2d 366 (D.D.C. 2007) .......................................... 16

*Cubic Applications, Inc. v. United States*,
  37 Fed. Cl. 339 (1997) ........................................................ 3, 5

*Georgia Aquarium, Inc. v. Pritzker*,
  134 F. Supp. 3d 1374 (N.D. Ga. 2014) ...................................... 5

*Great Am. Ins. Co. v. United States*,
  No. 12 C 9718, 2013 WL 4506929 (N.D. Ill. Aug. 23, 2013) ............... 5

*Gulf Gp. Inc. v. United States*,
  61 Fed. Cl. 338 (2004) .................................................. 3-4, 11, 14

*Impresa Construzioni Geom. Domenico Garufi v. United States*,
  238 F.3d 1324 (Fed. Cir. 2001) .......................................... 4, 9, 11

*Joint Venture of Comint Sys. Corp. v. United States*,
  100 Fed. Cl. 159 (2011) ........................................................ 3

*Joint Venture of Comint Sys. Corp. v. United States*,
  102 Fed. Cl. 235 (2011), *aff'd*. 700 F.3d 1377 (Fed. Cir. 2012) ............ 14

*Lyon Shipyard, Inc. v. United States*,
  113 Fed. Cl. 347 (2013) .......................................... 3, 7, 10, 15

*Madison Cnty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*,
  622 F.2d 393 (8th Cir. 1980) .............................................. 4, 11

*Madison Servs., Inc. v. United States*,
  92 Fed. Cl. 120 (2010) .......................................................... 12

*New England Tank Indus. of New Hampshire v. United States,*
    861 F.2d 685 (Fed. Cir. 1988) ..................................................................................... 13

*Oracle Am. Inc. v. United States,*
    No. 18-1880, Dkt. No. 76 (Fed. Cl. May 21, 2019) ........................................... 7, 10

*Safari Club Int'l v. Jewell,*
    No. CV-16-00094-TUC-JGZ, 2016 WL 7785452 (D. Ariz. Jul. 7, 2016) ........................ 3, 5

*San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n,*
    789 F.2d 26 (D.C. Cir. 1986) ......................................................................................... 4

*Sara Lee Corp. v. American Bakers Ass'n,*
    252 F.R.D. 31 (D.D.C. 2008) ........................................................................................ 5

*Software Eng'g Servs., Corp. v. United States,*
    85 Fed. Cl. 547 (2009) .................................................................................................. 3

*Tafas v. Dudas,*
    530 F. Supp. 2d 786 (E.D. Va. 2008) .................................................................... passim

*Tauri Gp., LLC v. United States,*
    99 Fed. Cl. 475 (2011) ....................................................................................... 8, 14, 15

### Statutes

5 U.S.C. § 706 ............................................................................................................... 3

28 U.S.C. § 1491(b)(4) .................................................................................................. 3

31 U.S.C. § 3556 .................................................................................................. 5, 14 n.1

### Regulations

48 C.F.R. § 2.101 ......................................................................................................... 13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | ██████████ |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | ████████████ |
| | | |
| and | | |
| | | |
| MICROSOFT CORPORATION, | ) | |
| | | |
| Intervenor-defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully responds to the motion to complete the administrative record filed by plaintiff, Amazon Web Services, Inc. (AWS), ECF No. 127. In its motion, AWS requests 11 categories of documents that it believes should have been included in the administrative record in this case. We do not oppose the inclusion in the administrative record of some of the documents AWS requests, and, accordingly, we have moved to amend the administrative record with those documents. The bulk of the documents AWS requests, however, are not properly a part of the administrative record because they were not developed or considered in making the decision at issue, *i.e.*, the decision to award the Joint Enterprise Defense Infrastructure (JEDI) contract to intervenor-defendant, Microsoft Corporation (Microsoft), rather than AWS.

For example, many of the documents AWS requests reflect the internal deliberations of Department of Defense (DoD) personnel, rather than the agency's rationale for the decision at

issue or the documents considered in making that decision.  Also, AWS seeks documents

developed and considered in making ancillary decisions that it has not challenged.

Because many of the documents AWS seeks are not properly a part of the administrative

record and we have already moved to amend the administrative record with the other documents,

AWS's motion to complete the administrative record should be denied.

## STATEMENT OF THE ISSUE

Whether the documents AWS seeks to add to the administrative record are necessary to

complete the record.

## STATEMENT OF THE CASE

AWS is challenging DoD's decision to award the JEDI contract to Microsoft rather than

AWS.  Pursuant to the Court's orders, on January 3, 2020, the Government filed the unclassified

portion of the administrative record in this case, consisting of more than 180,000 pages of

documents and more than 30 audio or video files.  On January 20, 2020, AWS filed a motion to

"complete" the administrative record with 11 categories of documents (Pl. Mot.).  On

January 31, 2020 we moved to amend the administrative record with some of these documents.

The Court granted our motion on February 3, 2020.  ECF No. 142.  Pursuant to the Court's

order, we will file these documents when directed to do so by the Court.  *Id*. at 1-2.  As we

explained in our unopposed motion to amend the administrative record, we provided these

documents to counsel for AWS and Microsoft on Friday, January 31, 2020.  ECF No. 136 at 4

n.4.

## ARGUMENT

I. **Standards**

A. **The Contents Of The Administrative Record**

By statute, bid protests in this Court are subject to the Administrative Procedure Act (APA) standard of review.  28 U.S.C. § 1491(b)(4).  Accordingly, review is based upon an administrative record, *see* 5 U.S.C. § 706, which generally includes "all the material that was developed and considered by the agency in making its decision."  *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997); *see also, e.g.*, *Software Eng'g Servs., Corp. v. United States*, 85 Fed. Cl. 547, 552-53 (2009).  This includes all documents that were "directly or indirectly considered by the agency decision-makers[.]"  *Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 168–69 (2011) (citation omitted).  "Documents and materials indirectly considered by agency decision-makers are those that may not have literally passed before the eyes of the decision-makers, but were 'so heavily relied on in the recommendation that the decision maker constructively considered' them."  *Safari Club Int'l v. Jewell*, No. CV-16-00094-TUC-JGZ, 2016 WL 7785452, at *2 (D. Ariz. Jul. 7, 2016) (citation omitted).

The documents that comprise the administrative record do not typically include drafts, other internal deliberations, and informal notes.  *See, e.g.*, *Lyon Shipyard, Inc. v. United States*, 113 Fed. Cl. 347, 353 n.4 (2013) (stating that where the procurement did not include the "concrete step of individual evaluations," individual evaluator notes are "more akin to drafts" and need not be included in the administrative record) (citation omitted); *Comint*, 100 Fed. Cl. at 169 ("internal deliberative materials . . . are generally excluded from the record."); *Gulf Gp. Inc.*

*v. United States*, 61 Fed. Cl. 338, 347 (2004) (explaining that the Court had not granted discovery of "draft documents and internal communications."); *see also Madison Cnty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 622 F.2d 393, 395 n.3 (8th Cir. 1980) ("Although [internal staff memoranda and recommendations] may have been used by an agency in reaching a decision, they may be excluded from the record because of concerns over proper agency functioning."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record . . . does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege."); *cf. Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1339 (Fed. Cir. 2001) (permitting supplementation of the administrative record with a deposition of a contracting officer, while making clear that it was not "ordering a deposition into the contracting officer's mental process, that is, the thought process by which he made his decision," because "[s]uch inquiries are inappropriate.") (citation omitted).  Indeed, if administrative records contained the deliberative decision-making process of agencies, it would chill frank discussion and reduce the quality of agency decision-making, rendering agency proceedings "useless to both the agency and to the courts."  *Tafas*, 530 F. Supp. 2d at 794 (quoting *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (*en banc*)).

Additionally, records of previous protests in the Government Accountability Office (GAO) or this Court may also be included in the administrative record in appropriate

circumstances.  *See* RCFC App. C ¶ 22(u); *see also* 31 U.S.C. § 3556; *Cubic*, 37 Fed. Cl. at 343-44.

### B.       Standard For A Motion To Complete The Administrative Record

Courts have recognized that an agency is entitled to a "strong presumption of regularity" in designating its administrative record, absent clear evidence to the contrary.  *E.g.*, *Safari Club* , 2016 WL 7785452, at *2; *Georgia Aquarium, Inc. v. Pritzker*, 134 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citation omitted); *Bimini Superfast Operations LLC v. Winkowski*, 994 F. Supp. 2d 103, 105 (D.D.C. 2014) (citation omitted); *Great Am. Ins. Co. v. United States*, No. 12 C 9718, 2013 WL 4506929, at *4 (N.D. Ill. Aug. 23, 2013) (citation omitted); *see also Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993).

In alleging that the administrative record is incomplete, a plaintiff "cannot merely assert that other relevant documents were before the [decision-making body] but were not adequately considered. . . .  Instead, plaintiff 'must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record.'"  *Sara Lee Corp. v. American Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) (citations omitted); *see also, e.g.*, *Safari Club*, 2016 WL 7785452, at *2 ("A court should . . . be cautious against permitting the admission of 'any relevant document contained in the agency's filing cabinet.'") (citation omitted).

**II.     The Amended Record Will Be Complete With Regard To The Meetings With Secretary Of Defense Mark Esper, and Deputy Secretary Of Defense David Norquist**

In Section A.1 of its motion, AWS seeks documents pertaining to JEDI-related meetings with Secretary Esper on July 29, August 23, August 29, September 10, September 16, and September 26, 2019, and a JEDI-related meeting with Deputy Secretary Norquist on October 7, 2019.  Pl. Mot. 9-10.  The amended administrative record will be complete with regard to these meetings.

AR Tab 335 contains the read-ahead memorandum for the July 29, 2019 meeting, which references three attachments.  AR 151,351.  Tab A is at Tab 335, AR 151,352-63.  Tab B is at AR Tab 335 at 151,364-69.  And Tab C, the "JEDI Option Space" paper, is a deliberative document that is not properly a part of the administrative record.  *See* Section I.A, above.

The read-ahead memorandum for the August 23, 2019 meeting is contained in the classified portion of the administrative record, along with Tab A to the memorandum.  The other attachment to the August 23 memorandum, Tab B, is located at AR Tab 494.

We have moved to amend the administrative record to include the read-ahead memorandum for the August 29, 2019 meeting, with its attachment, at AR Tab 548.

The read-ahead memorandum for the September 10, 2019 meeting is contained in AR Tab 439, which references three attachments.  *Id.* at 176,304.  We have amended the administrative record to include the Tab A attachment at Tab 549.  Tab B is located at AR Tab 336.  And Tab C is located at AR Tab 439 at 176,305-06.

The read-ahead memorandum for the September 16, 2019 meeting and all of its attachments are located at AR Tab 440.  AWS has not argued otherwise.  *See* Pl. Mot. 9-10.

The read-ahead memorandum for the September 26, 2019 meeting is included at AR Tab 453, along with four of the five referenced attachments.  We have moved to amend the administrative record to include the other attachment, Tab E, at AR Tab 550.

For the October 7, 2019 meeting with the Deputy Secretary, there was no read-ahead memorandum.  Rather, the Deputy Secretary was provided a four-page power point briefing that analyzed various options for the JEDI procurement.  This document is deliberative in nature and contains information subject to the attorney-client privilege and work-product protection. Accordingly, it is not a part of the administrative record.  *See* Section I.A, above.

AWS also requests notes and transcripts of these meetings.  Pl. Mot. 9.  There are no transcripts of these meetings, and informal notes are not required to be included in the administrative record.  *See Oracle Am., Inc. v. United States*, No. 18-1880, ECF No. 76, p. 2 (Fed. Cl. May 21, 2019) (order denying the plaintiff's motion to complete the administrative record with the contracting officer's interview notes); *Lyon*, 113 Fed. Cl. at 353 n.4 (stating that where the procurement did not include the "concrete step of individual evaluations," individual evaluator notes are "more akin to drafts" and need not be included in the administrative record) (citation omitted).

### III.    The Administrative Record Does Not Need To Include Additional Communications With Stacy Cummings

In Section A.2 of its motion, AWS seeks communications between Ms. Cummings and others related to the JEDI procurement, including communications considered by the contracting

officer in making her determination that Ms. Cummings's conflict with Microsoft did not impact the procurement.  Pl. Mot. 10-11.  AWS's request is inappropriate, however, because AWS is not challenging the contracting officer's no impact determination.  *See* Compl.

"Of course, in a bid protest, the administrative record need not consist of every single document related in any way to the procurement in question, but may be reasonably limited to materials relevant to *the specific decisions being challenged*."  *Tauri Gp., LLC v. United States*, 99 Fed. Cl. 475, 481 (2011) (emphasis added).  AWS's complaint does not challenge the contracting officer's no impact determination with regard to Ms. Cummings, nor has AWS amended its complaint to raise such a challenge.  Accordingly, the Government is not required to include documents in the administrative record simply because they were considered in making the no impact determination.

Under AWS's theory regarding the scope of the administrative record, the Government would be required to include the documents underlying every acquisition planning decision in a post-award protest (such as the decisions to include certain solicitation terms), even if the plaintiff is only challenging the evaluation of proposals.  As demonstrated above, that is not the law.  *Tauri*, 99 Fed. Cl. at 481.  Rather, the record may appropriately be limited to the documents developed and considered in making the decision to award to Microsoft instead of AWS.  AWS has not demonstrated that any of the internal agency communications involving Ms. Cummings that AWS seeks were developed or considered in making the award to Microsoft, so its request to add these documents should be denied.

**IV.     The Administrative Record Does Not Need To Include Additional Materials
         Relating To The Recusals Of Secretary Esper and Ms. Cummings**

In Section A.3 of its motion, AWS also inappropriately requests "[m]aterials [r]elating to the [r]ecusals of Secretary Esper and Ms. Cummings."  Pl. Mot. 11.  The administrative record contains the recusal memoranda because they represent the official decisions of Secretary Esper and Ms. Cummings to recuse themselves from the JEDI procurement.  AR Tabs 454, 458.  AWS is not entitled to all "[m]aterials [r]elating to" these decisions in a bid protest.

This Court should guard against an "inappropriate" inquiry into the deliberative processes of agency officials.  *See Impresa*, 238 F.3d at 1339; *see also* Section I.A.  Requiring the agency to produce all "[m]aterials [r]elating to" the recusals of Secretary Esper and Ms. Cummings would be such an inappropriate inquiry, and AWS had not demonstrated that any such additional documents were developed or considered in making the decision to award the JEDI contract to Microsoft.

**V.      The Administrative Record Does Not Need To Include Further Documentation Of
         Post-September 27, 2019 Meetings**

In Section A.4 of its motion, AWS seeks further documentation of internal DoD meetings that occurred after September 27, 2019, including a power point presentation to senior DoD leadership.  Pl. Mot. 12.  As we demonstrated in Section II, the referenced October 7, 2019 power point presentation was a four-page briefing to the Deputy Secretary of Defense that analyzed various options for the JEDI procurement.  This document is deliberative in nature and contains information subject to the attorney-client privilege and work-product protection.  Accordingly, it is not a part of the administrative record.  *See* Section I.A, II, above.

9

Likewise, AWS has not demonstrated that any other documentation of post-September 27, 2019 deliberative JEDI meetings involving lower-level DoD officials should be a part of the administrative record.  *See* Section I.A, above.

## VI. The Administrative Record Is Complete With Regard To Meetings With AWS And Microsoft

In Section B.1 of its motion, AWS requests "all notes, transcripts, and/or recordings" from meetings with Microsoft or AWS that occurred between April and August 2019.  Pl. Mot. 12-13.  As AWS notes, the administrative record contains official minutes of each of these meetings.  *Id.* at 12; *see also* AR Tab 343.  There are no transcripts of these meetings, and individual attendees' informal notes, if any exist, are not required to be included in the administrative record.  *See Oracle*, Fed. Cl. No. 18-1880, ECF No. 76, p. 2; *Lyon*, 113 Fed. Cl. at 353 n.4.  Accordingly, AWS's request should be denied.

## VII. The Amended Administrative Record Will Be Complete With Regard To Evaluation Notices

In Section B.2 of its motion, AWS requests documents that were attached to e-mails included in Tab 343 of the administrative record (primarily evaluation notices and responses to evaluation notices).  Some of the documents that AWS requests were already in the administrative record when AWS filed its motion.  *See* AR Tab 317; AR Tab 318 at 148,797-39.  We moved to amend the administrative record with the rest.  *See* AR Tabs 517-33.  Accordingly, this request is moot.

**VIII.    The Amended Administrative Record Contains The Responses To AWS's E-mails Asking Clarifying Questions**

In Section B.3 of its motion, AWS requests that we complete the record with responses to two e-mails from AWS to the contracting officer.  Pl. Mot. 14. We have moved to amend the administrative record with the responses to these two e-mails.  *See* AR Tabs 553, 556. Accordingly, this request is moot.

**IX.    The Administrative Record Is Not Required to Contain Deliberative Internal Discussions On E-mail, Slack, Google Hangouts, *Etc.***

In Sections B.4 of its motion, AWS erroneously alleges that all of DoD's internal, informal, deliberative discussions regarding the JEDI procurement should be included in the administrative record, including documents such as e-mails and Slack messages.  Pl. Mot. 14-16.

As we demonstrated in Section I.A, above, the administrative record is required to contain all documents developed and considered in making the decision at issue, not the agency's deliberations in reaching that decision.  *See, e.g.*, *Comint*, 100 Fed. Cl. at 169; *Gulf Gp.*, 61 Fed. Cl. at 347; *Madison*, 622 F.2d at 395 n.3; *Tafas*, 530 F. Supp. 2d at 794.  Indeed, even when the United States Court of Appeals for the Federal Circuit supplemented the administrative record with a deposition of a contracting officer in *Impresa* because the record contained no justification for the decision at issue, the Federal Circuit made clear that it was not "ordering a deposition into the contracting officer's mental process, that is, the thought process by which he made his decision," because "[s]uch inquiries are inappropriate."  238 F.3d at 1339.  If administrative records contained the deliberative decision-making process of agencies, it would chill frank discussion and reduce the quality of agency decision-making, rendering agency

11

proceedings "useless to both the agency and to the courts." *Tafas*, 530 F. Supp. 2d at 794

(quoting *Mothers for Peace*, 789 F.2d at 44-45).

Moreover, AWS's allegation of bad faith on the part of DoD does not automatically make

informal, deliberative documents a part of the administrative record. Mere allegations of bad

faith do not expand the scope of the administrative record. *See, e.g.*, *Madison Servs., Inc. v.*

*United States*, 92 Fed. Cl. 120, 130 (2010) ("allegations of bad faith must be based on hard facts

in order to justify . . . supplementation of the administrative record.") (citation omitted); *Beta*

*Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 226 (2004) ("Innuendo or suspicion is not

enough to demonstrate bad faith and thus justify discovery."). Rather, supplementation of the

administrative record based upon bad faith is only appropriate when the plaintiff has: (1) made

"a threshold showing of either a motivation for the Government employee in question to have

acted in bad faith or conduct that is hard to explain absent bad faith"; and (2) "persuade[d] the

Court that discovery could lead to evidence which would provide the level of proof required to

overcome the presumption of regularity and good faith." *Beta Analytics*, 61 Fed. Cl. at 226.

AWS has separately moved to supplement the administrative record with these documents. *See*

ECF. No. 124-3, p. 18 ("Please produce all drafts, memoranda, notes, revisions, working

documents, analyses, and other materials relating to the JEDI contract, solicitation, and/or award,

including all analyses and evaluations of proposals submitted."). In our response to AWS's

motion to supplement, we demonstrated why supplementation is inappropriate. ECF No. 140. In

any event, as demonstrated above, the documents AWS seeks are not necessary to *complete* the

administrative record.

AWS's reliance upon this Court's November 26, 2019 and December 13, 2019 orders to argue that informal, deliberative documents must be a part of the JEDI administrative record is misplaced.  Pl. Mot. 14.  In its orders, the Court correctly stated that the "administrative record *must* include all materials developed and considered by the government in making its award decision."  ECF No. 15, p. 2 (emphasis added); ECF No. 55, p. 2 (emphasis added).  The Court then noted that, in "addition to the core documents identified in Appendix C, the record *should* include any informal documents reflecting factors considered in the agency's decision-making process, such as email communications and communications made through Slack channels and the like."  ECF No. 15, p. 2 (emphasis added); ECF No. 55, p. 2 (emphasis added).  Unlike the term "must," the term "should" is not mandatory.  *See, e.g.*, *New England Tank Indus. of New Hampshire, Inc. v. United States*, 861 F.2d 685, 694 (Fed. Cir. 1988) (contrasting "mandatory terms such as 'will not' and 'will'" with "directory terms such as 'should.'"); 48 C.F.R. § 2.101 ("Should means an expected course of action or policy that is to be followed unless inappropriate for a particular circumstance.").

Therefore, we understood the Court to be recognizing that "informal documents reflecting factors considered in the agency's decision-making process" must be included in the administrative record in appropriate circumstances, *i.e.*, when they were considered in making the decision to award the JEDI contract to Microsoft.  AWS's suggestion that the Court's scheduling orders rejected decades of case law explaining that informal, deliberative documents

are not typically a part of the administrative record, *see* Section I.A, above, without any briefing

or argument on the subject, is unsupported.[1]

Accordingly, the Court should deny AWS's request to "complete" the record with Slack

messages, e-mails, and other informal, internal, deliberative discussions.

## X.     The Administrative Record Is Not Required to Contain Drafts And Notes Relating To JEDI Evaluations

Similarly, in Section B.5 of its motion, AWS inappropriately requests drafts and notes

relating to the JEDI evaluations of Microsoft and AWS.  *See* Pl. Mot. 16-17.

It is well-settled that drafts of the decisions at issue in a bid protest are not a part of the

administrative record.  *See, e.g.*, *Joint Venture of Comint Sys. Corp. v. United States*, 102 Fed.

Cl. 235, 253 (2011), *aff'd*, *COMINT Sys. Corp. v. United States*, 700 F.3d 1377 (Fed. Cir. 2012);

*Gulf Gp.*, 61 Fed. Cl. at 347.  Indeed, even the case relied upon by AWS makes clear that drafts

need not be included in the administrative record.  *Tauri*, 99 Fed. Cl. at 482 (denying plaintiff's

motion to supplement "as it pertains to the March 9 and March 11, 2011 interim versions of the

---

[1]  That the administrative record from the *Oracle* JEDI protest contains a number of
e-mails and Slack messages does not mean that all JEDI e-mails and Slack messages now belong
in the administrative record.  The *Oracle* administrative record contains a number of internal
e-mails and Slack messages that would not normally be included in an administrative record
under the APA standard of review because these documents were: (1) included in the GAO
agency report, and, thus, were required to be included in the administrative record by statute,
*see* 31 U.S.C. § 3556; or (2) were considered in the contracting officer's conflicts
determinations.  *E.g.*, AR Tabs 47, 242, 247.  Hence, they were properly included in the *Oracle*
administrative record, and they were included in the administrative record in this case pursuant
to RCFC Appendix C, ¶ 22(u).

March 15, 2011 Excel worksheet, as these documents are the equivalent of rough drafts that were made obsolete by the finished product.").

In *Tauri*, the Court did not supplement the administrative record with draft evaluations. Rather, it supplemented the record with final individual evaluator worksheets that were completed as part of a "concrete step" in the evaluation process, *see id.* at 481, where the evaluators were expressly told to "[i]ndividually document [their] initial findings[.]"  *Id.* at 478 (citation omitted).  The Court stated that this "concrete step takes the individual views from the realm of deliberation or 'rough drafts' and places them in the category of information considered or relied upon in the decision making process."  *Id.* at 481.

Also, as the Court explained in *Lyon*, the administrative record is not required to include individual evaluator notes where the evaluation process did not include a "concrete step of individual evaluations," because, under these circumstances, the notes are "more akin to drafts that may be excluded from the administrative record."  113 Fed. Cl. at 353 n.4 (citation and internal quotation marks omitted).

Here, AWS has not alleged or demonstrated that the JEDI evaluators created any individual evaluator worksheets as a "concrete step" of the procurement.  Rather, individual evaluators for Factors 1-6 and 9 were permitted to have "working notes about the proposal," AR Tab 192 at 24,177, 24,179, that were "considered informal notes and [would] not become part of the source selection record[.]"  *Id.* at 24,174.  Indeed, the consensus reports "[s]erve as the official record of evaluation proceedings[.]"  *Id.* at 24,189.  Accordingly, there was no "concrete

15

step" of individual evaluations, and any informal "working notes" are not properly a part of the administrative record.

Additionally, AWS's discussion regarding the scope of the "deliberative process privilege" is irrelevant.  Pl. Resp. 17.  We are not asserting the "deliberative process privilege" with regard to drafts, work papers, e-mails, Slack messages, *etc.*, at this time.  Rather, we are asserting that these deliberative documents are not properly part of the administrative record, and, thus, there is no need for us presently to assert the "deliberative process privilege."  *See, e.g.*, *Tafas*, 530 F. Supp. 2d at 801 ("it would be 'unfair to criticize [the agency] for not claiming a privilege and filing a privilege log as to documents that it claims should not be in the administrative record in the first place.'") (quoting *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 372 n.4 (D.D.C. 2007)).

Accordingly, the Court should deny AWS's request for drafts of JEDI evaluations and evaluator's notes.

## XI.    The Administrative Record Includes The Appropriate Recordings Of The Factor 8 Demonstrations

In Section B.6 of its motion, AWS incorrectly argues that the administrative record is incomplete without unedited videos of the Factor 8 demonstrations.  Pl. Mot. 17-18.  The administrative record contains the correct Factor 8 demonstration recordings.

In a July 2019 memorandum, Defense Digital Service official ███████ explained that he edited the Factor 8 demonstration videos for use by the Factor 8 technical evaluation board in order to: (1) cut out periods before, after, and during breaks in the demonstration sessions; and (2) obscure Government representatives' laptop screens, keyboards, and cell

phones to protect passwords, PIN codes, and other unrelated sensitive or proprietary data.
*See* AR Tab 306 at 64,382.  In evaluating Microsoft and AWS, DoD did not consider bathroom
breaks and Government passwords; rather, it considered the proposal-related information
contained in the demonstrations themselves.  *See* AR Tabs 307, 308.

Because the portions of the unedited Factor 8 demonstration videos that were removed or
obscured were not considered in evaluating AWS and Microsoft, the administrative record is
complete without the unedited versions of these videos.

**XII.   The Amended Administrative Record Will Be Complete With Regard To The
Factor 8 Demonstration Logs**

In Section B.7 of its motion, AWS requests the audit logs from Microsoft's Factor 8
demonstrations.  We moved to amend the administrative record with the native files of these
logs, as well as AWS's demonstration logs.  Accordingly, this request is moot.

<u>**CONCLUSION**</u>

For these reasons, the Court should deny AWS's motion to complete the administrative
record.

17

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

WILLIAM P. RAYEL                    s/ Patricia M. McCarthy
Senior Trial Counsel                PATRICIA M. MCCARTHY
U.S. Department of Justice          Assistant Director

MICHAEL G. ANDERSON                 s/ Anthony F. Schiavetti
BENJAMIN M. DILIBERTO               ANTHONY F. SCHIAVETTI
Assistant General Counsel           RETA E. BEZAK
Washington Headquarters Service &   Trial Attorneys
Pentagon Force Protection Agency    U.S. Department of Justice
Office of General Counsel           Civil Division
Department of Defense               Commercial Litigation Branch
                                    PO Box 480
TYLER J. MULLEN                     Ben Franklin Station
CCPO Legal Advisor                  Washington, D.C. 20044
Assistant General Counsel           Tel: (202) 305-7572
Defense Information Systems Agency  Fax: (202) 305-1571
Office of the General Counsel       anthony.f.schiavetti@usdoj.gov

February 3, 2020                    Attorneys for Defendant