**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor-defendant. | ) | |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court remand this case to the Department of Defense (DoD or agency) for 120 days to reconsider certain aspects of the challenged agency decision. We are making this motion in response to the complaint and motion for preliminary injunction filed by plaintiff, Amazon Web Services, Inc. (AWS), and this Court's opinion and order preliminarily enjoining performance of DoD's Joint Enterprise Defense Infrastructure (JEDI) contract, ECF No. 164. In email correspondence with the undersigned counsel on March 12, 2020, counsel for AWS stated that AWS opposes this motion and will file a response. In email correspondence with the undersigned counsel on March 12, 2020, counsel for intervenor-defendant, Microsoft Corporation, stated that Microsoft does not oppose this motion.

AWS filed this post-award bid protest challenging various aspects of the award decision made by DoD in connection with the JEDI procurement, Solicitation No. HQ0034-18-R-0077.

On February 13, 2020, the Court granted AWS's motion for a preliminary injunction, finding, among other things, that AWS would likely be able to show that DoD erred in evaluating the offerors' proposals for Factor 5, Price Scenario 6.  DoD wishes to reconsider its evaluation of the technical aspects of Price Scenario 6, and intends to issue a solicitation amendment and to accept limited proposal revisions addressing the offerors' technical approach to that price scenario. Proposal revisions on remand will be constrained by the storage solutions and unit prices contained in offerors' final proposal revisions (*i.e.* offerors would not be permitted to add storage solutions not contained in their final proposal revisions, but may be permitted to adjust which previously-proposed solutions would be utilized to address Price Scenario 6).  DoD will re-evaluate any revised proposals for Price Scenario 6 under both Factor 5 and Factor 9.

DoD also wishes to reconsider its evaluation of the offerors' online marketplace offerings and may conduct clarifications with the offerors relating to the availability of marketplace offerings.

Finally, DoD wishes to reconsider its award decision in response to the other technical challenges presented by AWS.  DoD does not intend to conduct discussions with offerors or to accept proposal revisions with respect to any aspect of the solicitation other than Price Scenario 6.  At this time, DoD does not anticipate clarifications being necessary on issues other than the offerors' online marketplace offerings.

This Court has "the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."  28 U.S.C. § 1491(a)(2); *see also* RCFC 52.2(a).  A remand here is in the interests of justice because it will provide the agency with an opportunity to reconsider the award decision at issue in light of AWS's allegations, this Court's opinion, and any new information gathered during the proposed

remand. During the proposed remand, the agency potentially could make decisions that would moot this action, in whole or in part, and may obviate the need for further litigation in this Court. Therefore, we have requested a remand in good faith. *See SKF USA Inc. v. United States,* 254 F.3d 1022, 1028-30 (Fed. Cir. 2001) (reversing trial court's denial of a remand motion as an abuse of discretion, explaining: "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position"). When, as in this case, "the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.* at 1029; *see also Diversified Maint. Sys., Inc. v. United States*, 74 Fed. Cl. 122, 127 (2006) (noting that "[t]he circumstances found not to require remand have been rare indeed" and citing cases).

Following the conclusion of the proposed remand proceeding, we propose that the parties file a joint status report setting forth the positions of the parties regarding whether further litigation is necessary and, if so, a proposed date for defendant to file the administrative record associated with the remand proceedings, as well as a schedule for merits briefing, anticipated to include cross-motions for judgment on the administrative record (MJARs). As DoD, on remand, will be reconsidering the technical evaluations that AWS has challenged and will be reconsidering its award decision, briefing MJARs at this point would be futile and would waste the time and resources of the parties and the Court. Indeed, because reconsideration could change DoD's reasoning or result, a stay of proceedings in this case during the pendency of the remand is appropriate.

For these reasons, we respectfully request that the Court (1) grant this motion for a voluntary remand pursuant to RCFC 52.2, (2) remand this matter to DoD for reconsideration of the award decision and any further administrative actions consistent with that reconsideration,

(3) authorize, but not require, DoD to consider any further information that the agency may gather during the remand in accordance with any procedures that the agency may establish for that purpose, (4) establish the initial duration of the remand at 120 days from the date of this Court's remand order, which may be extended upon request if necessary, and (5) order the parties to file a joint status report within seven days following the conclusion of the remand proceeding that sets forth the parties' positions regarding whether further litigation is necessary, and, if so, proposed dates for defendant to file the administrative record associated with the remand proceedings and for further briefing.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

MICHAEL G. ANDERSON
BENJAMIN M. DILIBERTO
Assistant General Counsel
Washington Headquarters Service &
Pentagon Force Protection Agency
Office of General Counsel
Department of Defense

TYLER J. MULLEN
CCPO Legal Advisor
Assistant General Counsel
Defense Information Systems Agency
Office of the General Counsel

March 12, 2020

s/ Anthony F. Schiavetti
ANTHONY F. SCHIAVETTI
RETA BEZAK
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7572
Fax: (202) 305-1571
anthony.f.schiavetti@usdoj.gov

Attorneys for Defendant