████████████████████████████████████

No. 19-1796C
(Judge Patricia E. Campbell-Smith)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

AMAZON WEB SERVICES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

MICROSOFT CORPORATION,

Intervenor-Defendant.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR VOLUNTARY REMAND

OF COUNSEL:

MICHAEL G. ANDERSON
BENJAMIN M. DILIBERTO
Assistant General Counsel
Washington Headquarters Service &
Pentagon Force Protection Agency
Office of General Counsel
Department of Defense

TYLER J. MULLEN
CCPO Legal Advisor
Assistant General Counsel
Defense Information Systems Agency
Office of the General Counsel

March 31, 2020

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

PATRICIA M. McCARTHY
Assistant Director

ANTHONY F. SCHIAVETTI
RETA BEZAK
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendant

## TABLE OF CONTENTS

I.     AWS Ignores The Controlling Standard Of Review For A Request
       For Voluntary Remand ........................................................................................ 2

II.    The Proposed Remand Is Rational And In Good Faith ........................................ 4

       A.     DoD's Intent To Allow Only Limited Revisions To Price
              Scenario 6 Is Rational And Fair, While AWS's Proposed
              Alternatives Are Not .................................................................................. 4

       B.     DoD Has Clearly Stated Its Intent To Reconsider Its Decision
              In Light Of Each Of AWS's Protest Allegations ...................................... 10

CONCLUSION.................................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*Centerra Group, LLC v. United States*,
   138 Fed. Cl. 407 (2018) ................................................................................................. 9, 10

*Chapman Law Firm Co. v. Greenleaf Constr. Co.*,
   490 F.3d 934 (Fed. Cir. 2007)................................................................................................ 3

*Field Training Support Servs. v. United States*,
   No. 16-1023C, 2016 WL 7212326 (Fed. Cl. Dec. 13, 2016)...................................................... 2

*Macktal v. Chao*,
   286 F.3d 822 (5th Cir. 2002) .................................................................................................. 3

*Sanders v. United States Postal Serv.*,
   801 F.2d 1328 (Fed. Cir. 1986)............................................................................................... 3

*SKF USA Inc. v. United States,*
   254 F.3d 1022 (Fed. Cir. 2001).................................................................................... *passim*

*Square One Armoring Serv., Inc. v. United States*,
   123 Fed. Cl. 309 (2015) ................................................................................................. 3, 11

*United States v. Sioux Tribe*,
   616 F.2d 485 (Ct. Cl. 1980) .................................................................................................. 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| AMAZON WEB SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | |
| and | |
| | |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Intervenor-defendant. | ) |

No. 19-1796C
(Judge Patricia E. Campbell-Smith)

## <u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR VOLUNTARY REMAND</u>

Defendant, the United States, respectfully submits this reply in support of its request that the Court remand this case to the Department of Defense (DoD or agency) for 120 days to reconsider certain aspects of the challenged agency decision.  In its response to our motion, AWS, ignoring the controlling standard of review for a motion for voluntary remand, prejudges the results of the requested remand, and asks this Court to do the same.  Our motion, however, demonstrates that DoD intends in good faith to reconsider its evaluation and source selection decisions, satisfying the controlling standard for a voluntary remand.  Our proposed remand treats both offerors equally and fairly, and is well-tailored to address the issues in this case while preserving the integrity of the competition that has already taken place.  Because AWS fails to establish otherwise, the Court should grant our request to voluntarily remand the case to the agency to reconsider its procurement decisions under the fair and impartial paradigm it has proposed.

I.    AWS Ignores The Controlling Standard Of Review For A Request For Voluntary Remand

In our motion, we asked the Court to remand this case to the agency to reconsider certain aspects of the challenged agency decision, pursuant to Rule 52.2 of the Rules of the Court of Federal Claims (RCFC).  Def. Mot. at 1, 2-3.  As we explained, this Court has evaluated such requests under the binding standard announced by the United States Court of Appeals for the Federal Circuit in *SKF USA Inc. v. United States,* 254 F.3d 1022 (Fed. Cir. 2001).  In that case, the Federal Circuit held that an agency "may request a remand (without confessing error) in order to reconsider its previous position."  *Id.* at 1029.  Although a court has discretion over whether to remand in such circumstances – for example, "[a] remand may be refused if the agency's request is frivolous or in bad faith" – "if the agency's concern is substantial and legitimate, a remand is usually appropriate."  *Id.*  Although *SKF* was not itself a bid protest case, this Court has applied its binding standard in analyzing remand requests in a variety of contexts, including in bid protests.  *See, e.g.*, *Field Training Support Servs. v. United States*, No. 16-1023C, 2016 WL 7212326, at *2 (Fed. Cl. Dec. 13, 2016); *Brooks Range Contract Servs., Inc. v. United States*, Nos. 19-1827C & 19-1828C, ECF No. 31 (Fed. Cl. Jan 10, 2020).

In its response to our motion to remand, AWS ignores this standard entirely, and instead incorrectly sets out the standard for review of a corrective action, which requires a rational basis for its implementation.  Pl. Resp. at 3.  Although, as we discuss below, there is a rational basis for the Government's remand request, this is not the correct standard for the Court's review of our motion for voluntary remand.  Although any corrective action implemented by DoD during its reconsideration of its decisions on remand would be subject to rational basis review, the Government's request for voluntary remand for DoD to reconsider its decisions is properly reviewed under the *SKF* standard, and need only exhibit a substantial and legitimate concern, as

2

well as not being frivolous or in bad faith.  Indeed, "[i]t is a well established principle that an

administrative agency may reconsider its own decisions.  'The power to reconsider is inherent in

the power to decide.'"  *United States v. Sioux Tribe*, 616 F.2d 485, 493 (Ct. Cl. 1980) (citation

omitted); *Macktal v. Chao*, 286 F.3d 822, 825-26 (5th Cir. 2002).

Although AWS hints at an allegation of bad faith when it suggests that "DoD seeks to

take whatever corrective action is necessary to reaffirm its prior award to Microsoft," Pl. Resp. at

2, AWS does not expressly allege that the Government's proposed remand is in bad faith, much

less attempt to meet the high evidentiary burden to support such an allegation.  *Sanders v. United

States Postal Serv.*, 801 F.2d 1328, 1331 (Fed. Cir. 1986) ("It takes well-nigh irrefragable proof

to overcome the presumption [that administrative actions are correct and taken in good faith]."

(internal citation omitted)).  Indeed, as AWS acknowledges, the Government is entitled to a

presumption of regularity and good faith that is at its zenith at this stage prior to taking a

proposed action and when it is still evaluating what, if any, action to take.  *Square One Armoring

Serv., Inc. v. United States*, 123 Fed. Cl. 309, 329 (2015); *see also Chapman Law Firm Co. v.

Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007) (Court of Federal Claims was

"required to assume that the Government would carry out the corrective action in good faith").

AWS provides no evidence to rebut this presumption, but merely speculation and innuendo

based on little more than the fact that it was not previously selected for award.

There is no reason to doubt the Government's good faith here, nor does AWS even

suggest that, in the wake of the Court's decision of February 13, 2020, DoD lacks the

"substantial and legitimate concern" required under the *SKF* standard to justify a reconsideration

of its previous decisions.  Moreover, as we discuss further in Section II below, the limitations

that the Government has proposed are fair to both offerors, well-tailored to address the issues

AWS has chosen to raise in this litigation while preserving the integrity of the competition, and well within the agency's discretion.

DoD has not unilaterally decided to engage in corrective action, nor have we asked this Court to dismiss this protest as moot as a consequence. Instead, the Government has asked this Court for leave to take a voluntary remand to DoD so that the agency may reconsider its decisions in light of the protest allegations and this Court's opinion in issuing a preliminary injunction, while the Court retains jurisdiction over the protest following the remand. Because this request is in good faith and properly supported by substantial and legitimate concern, the Court should grant our request for voluntary remand.

II.      The Proposed Remand Is Rational And In Good Faith

As we explain above, because the Government has, in good faith, proposed to remand for DoD to reconsider its evaluation and source selection decisions based on the substantial and legitimate concerns raised by the Court's preliminary injunction decision, the Court's analysis need proceed no further, and the Court should grant our motion for a voluntary remand. Even if the Court were to examine the proposed remand under the corrective action standard, however, the Court should permit DoD to proceed as we have proposed, because there is a rational basis for the plan on remand.

A.      DoD's Intent To Allow Only Limited Revisions To Price Scenario 6 Is Rational And Fair, While AWS's Proposed Alternatives Are Not

In our motion, we explained that, in light of the Court's decision issuing a preliminary injunction, in which the Court found that challenges to the evaluation of Price Scenario 6 are likely to succeed, "DoD wishes to reconsider its evaluation of the technical aspects of Price Scenario 6, and intends to issue a solicitation amendment and to accept limited proposal revisions addressing the offerors' technical approach to that price scenario." Def. Mot. at 2. We

further explained that "[p]roposal revisions on remand will be constrained by the storage

solutions and unit prices contained in offerors' final proposal revisions (*i.e.* offerors would not be

permitted to add storage solutions not contained in their final proposal revisions, but may be

permitted to adjust which previously-proposed solutions would be utilized to address Price

Scenario 6)." *Id.*

In response, AWS demands that DoD instead "permit[] offerors to revise their unit prices

and discounts across all Price Scenarios." Pl. Resp. at 10. DoD, however, is entitled to

determine the scope of its own plan of reconsideration on voluntary remand. Absent a final

determination following full briefing on the merits, neither AWS nor the Court possesses

authority to dictate the terms of a voluntary remand request to the agency by converting the

request into an involuntary remand. Instead, if the Court were to find that our request failed to

meet the standard for a voluntary remand, the proper procedure would be for the Court to deny

our request and move to merits briefing. However, the proposed remand is justified because, as

explained below, it is designed to address the issues in this case while preserving the integrity of

the competition that has already taken place. AWS's claims to the contrary are premature and

improperly prejudge DoD's proposed reevaluation.

It is entirely appropriate for DoD to focus its reconsideration on aspects of the

procurement that have been challenged. AWS took issue with DoD's evaluation of Price

Scenario 6, and the Court expressed concerns about that scenario; AWS did not challenge DoD's

evaluation of other price scenarios, and it would neither be fair nor is it necessary for DoD to

reopen those scenarios to proposal revisions.

AWS's proposed remand procedure is unfair and runs counter to the purpose of the

solicitation's price scenarios. That AWS now regrets its pricing strategy is no reason to allow

AWS a do-over, after it gained significant information about its competitor's pricing, enabling it to use the currently prevailing information asymmetry to underbid its competitor in an effort to secure the contract.  Because Microsoft was selected for award, AWS is now aware of Microsoft's total evaluated price (TEP) (*see, e.g.,* AWS Debriefing, AR Tab 480 at 176961). The reverse is not true, however – Microsoft is not aware of AWS's TEP, putting Microsoft at a significant information disadvantage if both offerors were permitted to revise their pricing across the board in all price scenarios.  *See, e.g.*, Microsoft Debriefing, AR Tab 484 at 178,544 (redacting AWS's TEP).  AWS alleges that its proposed attempts to undercut Microsoft's price will benefit the taxpayer, but any such benefits cannot be won by unfairly prejudicing Microsoft in violation of principles of fair competition.

Moreover, as we explain above, neither AWS nor any other party has challenged DoD's evaluation of the other price scenarios, making reevaluation of these price scenarios unnecessary. AWS utterly fails to support its allegation that its pricing and discounting strategy for each pricing scenario was so inextricably intertwined with every aspect of every price scenario that it cannot revise its proposal on Price Scenario 6 without revising all other price scenarios as well. *See* Pl. Resp. at 5-6.  AWS accurately recounts some of the provisions in the solicitation that prohibit unbalanced and artificial pricing, requiring that unit prices and discounts remain consistent across all price scenarios.  *Id*. at 5.  But AWS is wrong to suggest that DoD's proposed remand runs counter to these requirements.  Quite the contrary, it is precisely because of these requirements that it would be unfair for DoD to permit AWS to artificially change its unit pricing and/or discounting strategy now, specifically for Price Scenario 6, in a transparent effort to undercut Microsoft on price, now that it has a target at which to aim.  DoD's proposed remand procedure retains the provisions of the solicitation that AWS cites, continuing to hold

each offeror alike to the unit prices and discounting strategy that each adopted for the procurement as a whole.  It would run counter to those long-established and well-reasoned restrictions to allow offerors at this stage to tailor unit pricing or discounting to one specific price scenario and, as we explain above, would be unfair to allow AWS to leverage its knowledge of Microsoft's pricing to take another shot at pricing the entirety of the contract.

AWS and Microsoft each had a fair chance to build pricing for the entire procurement, based on their overall business pricing.  Indeed, offerors were expressly encouraged in the solicitation to offer their best pricing to the Government, as it was a stated goal for the Government to achieve ongoing commercial parity, including parity with commercial prices. AR Tab 342 at 151,500.  The solicitation "encourage[d] the use of most favored customer discounts" and, as such, AWS should have already proposed its best pricing to the Government for the JEDI contract.  AWS's complaint that it cannot possibly be expected to stick to its pricing on Price Scenario 6 if it elects to include a greater reliance on storage it markets as ███ in a revised proposal is inconsistent with the notion that it previously offered the Government its best pricing.

Additionally, AWS is wrong to suggest that the limitations on pricing revisions somehow benefit Microsoft.  *See* Pl. Resp. at 6.  Microsoft will be subject to the same limitations as AWS for any revisions Microsoft might make to its proposal.  AWS apparently assumes that it will not be able to fully close the significant gap in price between its proposal and Microsoft's solely by altering its proposed storage for Price Scenario 6 – though it previously represented the opposite to this Court.  Pl. Memo In Support of Mot. for TRO/PI, ECF No. 130-1, at 15-17.  If true, however, this is not a shortcoming in the proposed limitations to DoD's plan on remand, but a consequence of AWS's considered pricing strategy for the entire procurement.  DoD is under no

obligation to allow AWS another try to competitively price aspects of its proposal unrelated to Price Scenario 6, nor to allow AWS to use its knowledge of Microsoft's price to reconsider the unit pricing and discounting strategy that AWS selected for the procurement.

Moreover, AWS's proposal that DoD just ignore Price Scenario 6 rather than permit offerors to revise their proposals for this scenario demonstrates clearly that AWS does not seek a level playing field, but rather one tilted in its favor.  Although it might benefit AWS to eliminate a price scenario on which it was uncompetitive, Price Scenario 6 was a critical part of the competition.  AWS is being given the opportunity to revise its proposal in light of clarified requirements, and may be able to meaningfully improve its proposal and be selected for award. A complete do-over on pricing would only permit AWS to leverage its knowledge of Microsoft's pricing to undercut Microsoft on price, and it is unnecessary and unfair to allow such a broad-based repricing to address what is at most a lack of clarity of one part of the requirements for one price scenario.  The proposed limitations provide both offerors with an equal chance to revise their proposals in a way that will eliminate any lack of clarity and allow offerors to put their best foot forward on Price Scenario 6, while maintaining the integrity of the competitive process that led to the pricing in the offerors' proposals, before either had the benefit of knowledge of the other's total price.

Finally, AWS is wrong to suggest that DoD must eliminate Microsoft's proposal from consideration as deficient and, thus, ineligible for award.  *See* Pl. Resp. at 2, 9.  We have strongly and clearly rebutted AWS's allegation that Microsoft's proposal is deficient, and the Court has made no such finding on the merits.  *See* Def. Resp. to Pl. Mot. for TRO/PI, ECF No 139, at 18-21.  It hardly squares with AWS's claim that the public deserves competition for it to simultaneously suggest that Microsoft should be eliminated from the competition for this

████████████████████████████████████████████████████████████████████

extensive procurement, spanning nine evaluation factors and six price scenarios, based on what is, at most, a misunderstanding of a potentially confusing term in one price scenario. And even if AWS were correct that only storage marketed as "online" could be permitted in this pricing scenario, AWS's own proposal would also be deficient, as it also proposed to use storage that it markets as ██████ for the scenario. *See* ECF No 139 at 18-21. The fair and appropriate path forward is to clarify the requirement and allow both offerors to, within reasonable limits, amend their existing proposals to achieve the goal of the scenario – to compare apples to apples pricing for each offeror's proposed technical solution to the scenario.

AWS's suggestion that this proposed approach benefits Microsoft also runs counter to the facts, which demonstrate that AWS, not Microsoft, stands to gain most by this approach. Both offerors proposed ████████ for Price Scenario 6 that included storage each offeror markets as ██████ but, as AWS has alleged, ██████████████████████ ████████████████████. AWS has attributed the large difference in the overall price of the two proposals to the difference in approach to this single price scenario. Pl. Memo In Support of Mot. for TRO/PI, ECF No. 130-1, at 16. If true, AWS would stand to gain enormously by the proposed approach, which will allow it another opportunity to propose a more cost-effective storage solution that meets DoD's needs at a lower price. Microsoft's solution ████████████████████████████, ██████████████ ██████████████████████. If AWS's theory of this case is correct, ████████████████████████████ ████████████████.

Lastly, AWS's repeated reference to this Court's decision in *Centerra Group, LLC v. United States*, 138 Fed. Cl. 407 (2018), is misplaced. In that case, the Court found that a remand

that permitted one offeror, but not the other, to revise its proposal "violated the fundamental fairness requirements of the FAR." *Id*. at 417.  Here, the Government has proposed an approach that treats both offerors equally.  Both offerors will be permitted to revise the same part of their proposals, subject to the same limitations.  Def. Mot. at 2.  To the extent that clarifications are necessary on another aspect of the proposals (the online marketplace), or if discussions are later deemed necessary, they will be held equally with both offerors.  *Id*.  The Government's proposed approach bears no resemblance to the facts in *Centerra*, and the comparison is wholly inapposite.

> **B.      DoD Has Clearly Stated Its Intent To Reconsider Its Decision In Light Of Each Of AWS's Protest Allegations**

Our motion clearly stated that, in addition to allowing limited revisions to Price Scenario 6 in light of the Court's preliminary injunction order, DoD intends to "reconsider its award decision in response to the other technical challenges presented by AWS."  Def. Mot. at 2. Nevertheless, AWS alleges that DoD "provides no meaningful commitment to evaluate the other serious errors identified by AWS's protest."  Pl. Resp. at 6.  Relying on no more than press reports of public statements that do not even contradict our unambiguous statement to this Court ("ensur[ing] that [the Court's] noted concerns are addressed," *id*. at 6, does not preclude the consideration of AWS's other allegations), AWS alleges that our statement to this Court is untrue.  But AWS falls far short of meeting the standard to support such an unwarranted accusation.  To be clear, as we have previously stated, DoD intends, on remand, to reconsider its award decision in response to all of the technical challenges presented by AWS, without limitation.

What form that reconsideration will take has not yet been determined, nor need it be.  In light of substantial and legitimate concerns in the wake of the Court's preliminary injunction, DoD wishes to take the opportunity afforded by the need to reconvene technical and price

evaluators, as well as other source selection officials – including the Source Selection Evaluation Board, Source Selection Advisory Council, and Source Selection Authority – to present these officials with the substance of AWS's allegations to permit them to consider whether any (in addition to Price Scenario 6) merits revised evaluations or other appropriate action.

AWS's reliance on corrective action cases is misplaced.  DoD has not acknowledged error, unilaterally decided to engage in corrective action to correct such error, nor asked this Court to dismiss the case as moot.  Instead, at this stage DoD seeks the opportunity to reconsider its decisions in light of AWS's allegations.  If DoD declines to make any changes as part of this reconsideration, AWS will be free, following the remand, to allege that DoD has failed to address its concerns, and to ask the Court for relief.  If DoD elects to make any changes as part of its reconsideration, AWS will be free, following the remand, to argue that such changes were insufficient to address its concerns or were otherwise flawed, and to ask the Court for relief. AWS has cited no authority, however, for the proposition that an agency must, prior to a voluntary remand to reconsider its decision-making, announce precisely what actions it anticipates it will take.  Indeed, such a statement would be premature and inconsistent with the idea of an open-minded reconsideration to re-examine the decisions at issue.

AWS acknowledges that agency action is entitled to a presumption of good faith and regularity, a presumption that is at its zenith when the agency has yet to act.  *See Square One Armoring Serv.*, 123 Fed. Cl. at 329.  But AWS suggests bad faith based on no more than a handful of public statements by DoD and Microsoft – several made months prior to the filing of our motion to remand – defending DoD's award decision and highlighting the urgency and importance of the requirement.  *See* Pl. Resp. at 8-9.  That DoD was and remains confident in the

award decision in no way undermines its commitment to fairly reconsider its decisions in light of AWS's allegations, as it has committed to do.

It is important to note that DoD is under no compulsion to reconsider these matters at all, and its reasonable decision to consider again whether any action is appropriate in light of AWS's allegations in no way suggests that any of these allegations have merit, nor is such an admission necessary to warrant a remand. The Court, therefore, should reject AWS's attempts to bypass merits briefing altogether and have the Court grant its requested relief now, in the middle of litigation, and instead should afford DoD the opportunity to assess whether any corrective action is necessary by reconsidering its procurement decisions in light of AWS's allegations and the Court's preliminary injunction order.[1] Even if the Court were to deny our motion for remand, it should reject AWS's attempt to alter the scope of the remand we have proposed and instead proceed to merits briefing. Because our motion to remand is in good faith and meets the controlling standard, however, the Court should grant our motion.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court (1) grant our motion for a voluntary remand pursuant to RCFC 52.2; (2) remand this matter to DoD for reconsideration of the award decision and any further administrative actions consistent with that reconsideration; (3) authorize, but not require, DoD to consider any further information that the agency may gather during the remand in accordance with any procedures that the agency may

---

[1] In a footnote, AWS suggests that its bond obligation should be released if the Court grants our request for a voluntary remand. The bond is a necessary incident of the preliminary injunction this Court has issued, and should remain in place as long as the injunction remains in force. Contrary to AWS's allegation and as we explain above and in our motion, DoD has not and does not acknowledge, implicitly or otherwise, that it has erred in its evaluation, nor is such an admission required to support a voluntary remand. *SKF,* 254 F.3d at 1029.

establish for that purpose; (4) establish the initial duration of the remand at 120 days from the

date of this Court's remand order, which may be extended upon request if necessary; and

(5) order the parties to file a joint status report on the status of the remand proceedings within 90

days or less, as well as a report within seven days following the conclusion of the remand

proceeding that sets forth the parties' positions regarding whether further litigation is necessary,

and, if so, proposed dates for defendant to file the administrative record associated with the

remand proceedings and for further briefing.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY

OF COUNSEL:                          Assistant Director

MICHAEL G. ANDERSON            s/ Anthony F. Schiavetti
BENJAMIN M. DILIBERTO          ANTHONY F. SCHIAVETTI
Assistant General Counsel           RETA BEZAK
Washington Headquarters Service &   Trial Attorneys
Pentagon Force Protection Agency    U.S. Department of Justice
Office of General Counsel            Civil Division
Department of Defense               Commercial Litigation Branch
                                    PO Box 480
TYLER J. MULLEN                     Ben Franklin Station
CCPO Legal Advisor                  Washington, D.C. 20044
Assistant General Counsel           Tel: (202) 305-7572
Defense Information Systems Agency   Fax: (202) 305-1571
Office of the General Counsel        anthony.f.schiavetti@usdoj.gov

March 31, 2020                      Attorneys for Defendant