IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> by and through the U.S. Department of Defense, <br><br> Defendant, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Defendant-Intervenor. | Case No. 19-cv-01796 <br><br> Judge Campbell-Smith <br><br> ▓▓▓▓▓▓▓▓▓▓ <br><br> **FINAL REDACTED VERSION** |

**PLAINTIFF'S ▓▓▓ MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR VOLUNTARY REMAND**

Plaintiff Amazon Web Services, Inc. ("AWS") submits this Motion for Leave to File a Sur-Reply to Defendant's Reply in Support of its Motion for Voluntary Remand, ECF No. 185 ("Reply"). Counsel for Defendant and Defendant-Intervenor oppose this Motion.

Defendant's Reply raises two important issues for the first time to which AWS requests an opportunity to respond. *See Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a sur-reply upon showing of good cause where sur-reply would address arguments presented to the court for the first time); *cf. Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (denying request for sur-reply where issues had been raised in previous briefing).

First, Defendant's Reply seeks to impose a fictitious distinction between its request for remand and the purpose underlying that request—to take corrective action. *See* Reply at 4–6; *see also Centerra Grp., LLC v. United States*, 138 Fed. Cl. 407, 410 (2018) (Campbell-Smith, J.) (referring to Defendant's voluntary remand as "corrective action in response to Centerra's protest" and observing that "DOJ's conduct on remand would have been rejected as a proposed corrective action if it had been clear to the court that improper and inequitable discussions were contemplated by DOJ"). Defendant's initial Motion for Voluntary Remand ("Motion") asked the Court to remand this case to the Department of Defense ("DoD") for 120 days to reconsider certain aspects of DoD's Joint Enterprise Defense Infrastructure ("JEDI") award decision. ECF No. 177 at 1–2. The Motion specified that, on remand, DoD "intends to issue a solicitation amendment and to accept limited proposal revisions addressing the offerors' technical approach to that price scenario," and proposed irrational and unfair limitations on the proposal revisions it intended to accept. *See id.* at 2. The Motion also specified, without any further detail, that DoD "wishes to reconsider its award decision in response to the other technical challenges presented by AWS." *Id.* In other words, Defendant requested remand precisely to allow DoD to take the corrective action described. In its Reply, however, Defendant introduces a baseless distinction between the procedural mechanism that would enable Defendant to take corrective action (*i.e.*, remand) and the substantive purpose of the remand (*i.e.*, corrective action), the sole purpose of which is to avoid the Court's scrutiny of its unfair and irrational corrective action. Reply at 4–6. The Court should permit AWS to file a sur-reply to address the fallacy of Defendants' position that AWS ignored the appropriate legal standard applicable to the request for remand.

Second, Defendant's Reply reveals, for the first time, the content of the solicitation amendment proposed by DoD in connection with its "reconsider[ation] of its evaluation of the technical aspects of Price Scenario 6." *See* Reply at 4, 10; *see also* Plaintiff's Opp. to Def's Mot. for Remand at 4 (noting "DoD has provided no details on the proposed amendment to address Factor 5 (Price Scenario 6) other than to say that DoD intends to prohibit offerors from revising the unit prices for services identified in their final proposals"). In refuting AWS's proposal for a fair and rational corrective action, Defendant now acknowledges that its proposed amendment will merely revise the solicitation's definition of "highly accessible" storage from one that expressly required online storage, as the Court noted when finding AWS was likely to succeed on the merits of its protest (ECF No. 164 at 9), to one that permits the ███████ storage that Microsoft proposed in response to Price Scenario 6. *See* Reply at 10 (discussing whether AWS must "stick to its pricing on Price Scenario 6 *if it elects to include a greater reliance on storage it markets as* ███████ *in a revised proposal*") (emphasis added)), 12 (noting that "Microsoft's ███████ solution will ███████████████████████████████████████) (emphasis added)). A sur-reply is necessary to explain the impropriety of DoD's now-disclosed proposed solicitation amendment.

## CONCLUSION

For the foregoing reasons, the Court should grant AWS leave to file a Sur-Reply to Defendant's Reply in Support of its Motion for Voluntary Remand by Friday, April 3, 2020, for good cause shown.

Dated: April 1, 2020     Respectfully submitted,

By: /s/ Kevin P. Mullen

Kevin P. Mullen
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

*Attorney of Record for Plaintiff
Amazon Web Services, Inc.*

*Of Counsel:*

J. Alex Ward
Daniel E. Chudd
Sandeep N. Nandivada
Caitlin A. Crujido
Alissandra D. Young
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888

Andrew S. Tulumello
Daniel P. Chung
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Theodore J. Boutrous, Jr.
Richard J. Doren
Eric D. Vandevelde
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197