**REDACTED VERSION**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) |  |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor-defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant, the United States, respectfully responds to the motion for leave to file a sur-reply in response to our reply in support of our motion for voluntary remand, filed by plaintiff, Amazon Web Services, Inc. (AWS), ECF No. 186. Sur-replies are generally disfavored in this Court, and AWS has not demonstrated that a sur-reply is warranted in this instance as, contrary to AWS's allegations, our reply did not raise any new issues. AWS merely seeks the last word on our procedural motion for voluntary remand, in contravention of this Court's rules and practice, and for no valid reason. This Court should deny the request.

**ARGUMENT**

I.  Sur-Replies Are Disfavored In This Court

The Court's rules contemplate only three briefs when one party seeks relief by motion. *See* Rules of the United States Court of Federal Claims (RCFC) 7.2(a); *see also* RCFC 5.4(a)(2), (3), (4). A sur-reply may only be filed with leave of Court. *See* RCFC 7.2. Because non-

movants have no right to file a sur-reply, "sur-replies are generally disfavored." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citing *Wright ex rel. Trust Co. v. Abbott Labs.*, 62 F. Supp. 2d 1186, 1187 n.1 (D. Kan. 1999), *aff'd*, 259 F.3d 1226 (10th Cir. 2001)); *accord Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) ("[S]urreplies are heavily disfavored by courts.") (quotation marks omitted); *Sevier v. Lowenthal*, 302 F. Supp. 3d 312, 324 (D.D.C. 2018).

"The general rule against surreplies . . . fairly and reasonably assists 'the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.'" *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) (quoting *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997)). Non-movants, "[a]s a strategic move," may nonetheless "attempt to file a sur-reply as an effort to get the last word" for themselves. *Am. Safety Council*, 122 Fed. Cl. at 431 (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001)); *accord Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012). Such attempts should be viewed skeptically. "[G]amesmanship in getting the last word should have no part in" the submission of a sur-reply. *Pike v. Caldera*, 188 F.R.D. 519, 537 (S.D. Ind. 1999) (quoting *United States v. Portis*, 542 F.2d 414, 418 (7th Cir. 1976)); *see, e.g.*, *Am. Safety Council*, 122 Fed. Cl. at 431.

A sur-reply may be appropriate "when a party is unable to contest matters presented to the court for the first time in the last scheduled brief." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 535 (D.C. Cir. 2003). But a sur-reply is not appropriate belatedly to address or to embellish issues already raised by the movant in its initial brief. *Am. Safety Council*, 122 Fed. Cl. at 431; *accord Banner Health v. Sebelius*, 905 F.Supp. 2d 174, 188 (D.D.C. 2012) ("[W]hen arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in

opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" (quoting *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012))).  Moreover, the non-movant's "failure to anticipate how the [other side] would respond to" its opposition brief "does not automatically entitle him to file a surreply." *F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013).

II.     No Sur-Reply Is Warranted Here

AWS attempts to support its request for leave to file a sur-reply by falsely alleging that our reply brief "raises two important issues for the first time." Pl. Mot. For Leave to File Sur-Reply (Pl. Mot.), ECF No. 186, at 1.  Neither issue was raised for the first time in our reply.  AWS's failure to anticipate how we would respond to its objections does not entitle it to a sur-reply.  *See F.D.I.C.*, 720 F.3d at 176.

First, as we made clear in our original moving brief, our motion seeks the Court's leave to voluntarily remand to the agency to reconsider the agency's evaluation and source selection decisions; we did not unilaterally inform the Court of a decision to take corrective action and ask the Court to dismiss the case as moot as a result.  *See* Def. Mot. for Vol. Remand, ECF No. 177, at 1-2.  AWS calls this a "fictitious distinction."  But its failure to recognize the material difference between the two very different courses of action is its own fault, rather than a result of the government raising a new issue in reply.  Indeed, our moving brief cited the case law announcing the standard applicable to requests for voluntary remand, not corrective action case law.  *Id*. at 3 (citing *SKF USA Inc. v. United States,* 254 F.3d 1022, 1028-30 (Fed. Cir. 2001); *Diversified Maint. Sys., Inc. v. United States*, 74 Fed. Cl. 122, 127 (2006)).  That we proposed a voluntary remand to reconsider and report back to the Court for subsequent judicial review,

3

rather than a unilateral corrective action, was readily apparent from our motion, and AWS's alleged failure to comprehend this distinction does not entitle it to a sur-reply.

Second, AWS alleges that our reply for the first time revealed the "content of the solicitation amendment" proposed by the Department of Defense (DoD). Pl. Mot. at 3. But AWS has already had an opportunity to address the possibility that the amendment would permit storage that offerors market as "nearline" to be included for Price Scenario 6, and indeed AWS addressed that possibility at length in its opposition to our motion. *See* Pl. Resp. to Def. Mot. for Vol. Remand, ECF No. 181, at 4-6. In addition, we long ago made clear that we disagree with AWS's allegation that an offeror's chosen marketing label for its storage solution is controlling – rather, it is the performance of the storage solution that is important. *See* Def. Resp. to Pl. Mot. for TRO/PI, ECF No 139, at 18-21. If AWS had wanted to further argue against any amendment that permits offerors to include storage that an offeror markets as "nearline" in its proposal for Price Scenario 6, it had every opportunity to do so in its opposition to our motion.

In summary, our reply brief raised no new issues to which AWS lacked an opportunity to respond. Our motion made clear that we sought a voluntary remand leading to further review under this Court's jurisdiction, rather than unilateral corrective action. AWS had every opportunity to challenge that paradigm in its response. Moreover, AWS already incorrectly argued in its opposition to our motion that it would be unfair for the agency to issue a solicitation amendment making clear that offerors are permitted to include storage that they market as "nearline" in their proposals for Price Scenario 6.[1] That AWS now wishes to add to that argument does not warrant a sur-reply in contravention of this Court's rules and practice.

---

[1] AWS's response to our motion for voluntary remand also opposed an alternative solicitation amendment requiring offerors to propose only storage they market as "online." Pl.

## **CONCLUSION**

For these reasons, the United States respectfully requests that the Court deny AWS's motion for leave to file a sur-reply in response to our reply in support of our motion for voluntary remand.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

| | |
|---|---|
| MICHAEL G. ANDERSON | s/ Anthony F. Schiavetti |
| BENJAMIN M. DILIBERTO | ANTHONY F. SCHIAVETTI |
| Assistant General Counsel | RETA BEZAK |
| Washington Headquarters Service & | Trial Attorneys |
| Pentagon Force Protection Agency | U.S. Department of Justice |
| Office of General Counsel | Civil Division |
| Department of Defense | Commercial Litigation Branch |
| | PO Box 480 |
| TYLER J. MULLEN | Ben Franklin Station |
| CCPO Legal Advisor | Washington, D.C. 20044 |
| Assistant General Counsel | Tel: (202) 305-7572 |
| Defense Information Systems Agency | Fax: (202) 305-1571 |
| Office of the General Counsel | anthony.f.schiavetti@usdoj.gov |
| | |
| April 1, 2020 | Attorneys for Defendant |

---

Resp. to Def. Mot. for Vol. Remand, ECF No. 181, at 4 n.1. It is unclear what alternative AWS would support, short of a directed award in its favor.