IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>MICROSOFT CORPORATION,<br><br>Intervenor-Defendant. | Final Redacted Version<br><br>Case No. 19-1796<br><br>Judge Patricia E. Campbell-Smith<br><br> |

### INTERVENOR-DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY

Microsoft supports the Government's request for a remand so that it can take corrective action. We oppose AWS's efforts to overreach by insisting that the Court adjudicate the substantive validity of the corrective action *even before* the Department of Defense (DoD) has issued the solicitation amendment that will define the scope and mechanics of the corrective action. Def. Mot. Vol. Remand, ECF No. 177, at 2. AWS's request is premature, contrary to law, and will interfere with the orderly and efficient resolution of the JEDI procurement.

AWS argues that the Court should evaluate the Government's remand request under the "rational basis" standard of review, instead of the "substantial and legitimate concern" standard as the Government has advocated. Pl. Sur-Reply to Def. Reply in Support of Mot. Vol. Remand, ECF No. 197, at 9-10. Microsoft agrees with the Government, but any difference between the two

standards is immaterial: Both are deferential to the Government when it acts reasonably and in the public interest. Here, it is "coherent and reasonable," *Dell Federal Sys., L.P. v. United States*, 906 F.3d 982, 992 (Fed. Cir. 2018), for the Government to respond to AWS's bid protest —and to the Court's preliminary injunction ruling—by initiating corrective action to address the issues raised by the Court and AWS, and the Government's explanation for the remand shows that it is acting on "substantial and legitimate" concerns. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028-30 (Fed. Cir. 2001).

Microsoft recognizes that AWS has a procedural right to raise its objections to DoD's forthcoming corrective action and to have them adjudicated by this Court. The real question facing the Court, however, is *when* AWS should do so. Microsoft respectfully submits that the most orderly and efficient course will be for the Court to authorize the remand as the Government has requested, and to see the exact terms of the corrective action, before rushing to any decision as to the substantive validity of that action. At that point, if either AWS or Microsoft has objections, they will have the right to advance them by filing a pre-award bid protest. That is the standard practice this Court usually follows in analogous circumstances, and this case should be no different.

AWS insists that the Court adjudicate the validity of the corrective action now— even before the terms of the corrective action are fully known. But it makes little sense for this Court to judge the validity of DoD's forthcoming corrective action until DoD actually announces its terms. Although DoD has explained the general outlines of its proposed corrective action, many of the key details remain undisclosed and apparently not finally determined.

The precise shape of DoD's forthcoming corrective action remains to be seen. AWS makes much of its objections to the possibility that DoD *may* permit "nearline" storage for Price Scenario

6.  Pl. Resp. to Def. Mot. Vol. Remand, ECF No. 181, at 4; Def. Reply in Support of Mot. Vol. Remand, ECF No. 185, at 10; ECF No. 197, at 10-11.  But, unlike other issues about which it has been clear, the Government has not yet committed itself on this critical point.  Moreover, it has not yet released the solicitation amendment that will actually explain how it intends to address whatever changes it will make to Price Scenario 6.  For example, will whatever change it makes be confined to Price Scenario 6, or apply to price scenarios more broadly?  As a result, the effect the change might have on AWS and Microsoft's respective proposals is not yet known.

It is also possible that the amendment will contain other elements not yet fleshed out.  DoD has referred generally to gathering more information (ECF No. 177, at 2-3), and DoD has not ruled out clarifications "being necessary" for factors other than the marketplace offerings.  ECF No. 177, at 2.  The extent to which those requests for information or clarification might be included in the amendment announcing the initial corrective action cannot be known at this point.  Again, before the solicitation amendment, one can only speculate as to potential pre-award objections that may arise regarding the specific corrective actions DoD decides upon.

Absent the missing details identified above, it is too early to properly assess whether or not the Government's approach is appropriate.  It is highly problematic to resolve issues of the specifics of corrective action on the basis of only protest pleadings devoid of detail, and where there is no solicitation amendment or administrative record.  AWS's speculation about how the Government will implement the corrective action consists of "purely hypothetical arguments about future events that [might] or [might] not occur" and is therefore not ripe for the Court's review.  *Square One Armoring Serv., Inc. v. United States*, 123 Fed. Cl. 309, 329 (2015) (Campbell-Smith, C.J.) (alteration in original).

Once DoD issues the solicitation amendment to implement the corrective action, AWS (or Microsoft) will have every right to bring a pre-award bid protest challenging the corrective action. In that protest, the parties will be able to make detailed arguments about exactly the actions DoD will take, and why. AWS will suffer no prejudice by having its arguments adjudicated based on a known understanding of DoD's actual plan for corrective action.[1]

Resolving disputes over corrective action via a pre-award protest after offerors are provided the actual terms of that action is the usual, best informed, and most efficient course. Indeed, AWS's own leading authority embraced precisely that approach. *See Centerra Grp., LLC v. United States*, 138 Fed. Cl. 407, 410 (2018) (Campbell-Smith, J.) (considering challenge to corrective action *after* granting remand motion and allowing agency to conduct corrective action); *Prof'l Serv. Indus., Inc. v. United States*, 129 Fed. Cl. 190, 200 (2016); *Square One*, 123 Fed. Cl. at 329; *see also Peraton Inc. v. United States*, 146 Fed. Cl. 94, 101-02 (2019) (Campbell-Smith, J.) (explaining that once the agency had "amended the solicitation and set the conditions for the submission of revised proposals, plaintiff could have filed a protest of that procurement action"). Notably, AWS has not cited a single case in which any court has denied a motion to remand to take corrective action.

At this point, there is no reason to doubt that DoD's remand proposal is a good-faith effort to respond to this Court's preliminary injunction ruling as to Price Scenario 6 and to address the other concerns raised by AWS's complaint. The Court should not prejudge the substantive validity

---

[1] AWS contends that if it waits, the Government is "likely to claim that any post-implementation challenge to that corrective action is untimely." ECF No. 197, at 14. That is not correct: AWS will have the opportunity to challenge the terms of any solicitation amendment in a pre-award bid protest, and it will have the opportunity to file a post-award protest to challenge the DoD re-award after that is announced. AWS provides no reasoned explanation for why it will be unable to effectively litigate any challenge to DoD's corrective action in a pre-award protest.

of the corrective action, simply on the basis of AWS's speculation. Instead, Microsoft respectfully asks the Court to reject AWS's premature challenge to the scope of unannounced corrective action, grant the Government's request for a remand, and allow the parties to bring any such challenges once the solicitation amendment is released and the terms of the corrective action are known. That is the most efficient way to move the JEDI procurement forward to a conclusion that is fair to the parties and serves the public interest.

Dated: April 13, 2020

Respectfully submitted,

*Of Counsel*:

LATHAM & WATKINS LLP

Abid R. Qureshi
Roman Martinez
Anne W. Robinson
Dean W. Baxtresser
Genevieve Hoffman
Riley Keenan
Margaret Upshaw

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (Telephone)
(202) 637-2201 (Facsimile)

ROGERS JOSEPH O'DONNELL, P.C.

By: /s/ *Robert S. Metzger*
    Robert S. Metzger (Attorney of Record)

    Jeffery M. Chiow
    Neil H. O'Donnell
    Lucas T. Hanback
    Stephen L. Bacon
    Deborah N. Rodin
    Cassidy Kim
    Eleanor M. Ross

875 15th Street N.W., Suite 725
Washington, D.C. 20005
(202) 777-8952 (Telephone)
(202) 347-8429 (Facsimile)

*Attorneys for Intervenor-Defendant, Microsoft Corporation*