# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> by and through the U.S. Department of Defense, <br><br> Defendant, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Defendant-Intervenor. | Case No. 19-cv-01796 <br><br> Judge Campbell-Smith <br><br> ███████ <br><br> **FINAL REDACTED VERSION** |

### PLAINTIFF'S ███ SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR VOLUNTARY REMAND

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

I. Defendant's Request for Remand Proposed Concrete Corrective Action That Is Subject To This Court's Scrutiny. ............................................................................................. 1

II. Corrective Action Proposed on Remand Is Subject to Rational Basis Review ...... 3

III. The Proposed Corrective Action Cannot Withstand Rational Basis Review ......... 7

IV. Judicial Efficiency Requires Application of the Corrective Action Standard of Review. .... 10

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Material Handling, Inc.*,
  B-406739, Aug. 14, 2012, 2012 CPD ¶ 234 .................................................................. 10

*Centerra Grp., LLC v. United States*,
  138 Fed. Cl. 407 (2018) (Campbell-Smith, J.) ............................................................ 3, 7

*Dell Fed. Sys. v. United States*,
  906 F.3d 982 (2018) ........................................................................................................ 3

*Diversified Maint. Sys., Inc. v. United States*,
  74 Fed. Cl. 122 (2006) .................................................................................................. 12

*E.W. Bliss Co. v. United States*,
  77 F.3d 445 (Fed. Cir. 1996) .......................................................................................... 2

*Manus Med., LLC v. United States*,
  115 Fed. Cl. 187 (2014) .................................................................................................. 7

*SKF USA Inc. v. United States*,
  254 F.3d 1022 (Fed. Cir. 2001) ...................................................................................... 5

*Sotera Def. Sols., Inc. v. United States*,
  118 Fed. Cl. 237 (2014) ................................................................................................ 11

*Sys. Application & Techs., Inc. v. United States*,
  691 F.3d 1374 (Fed. Cir. 2012) ................................................................................. 3, 11

*Nova Techs.*, B–403461.3 *et al.*,
  Feb. 28, 2011, 2011 CPD ¶ 51 ...................................................................................... 10

**INTRODUCTION**

Amazon Web Services, Inc. ("AWS") submits this Sur-Reply to Defendant's Reply in Support of its Motion for Voluntary Remand, ECF No. 185 ("Reply"). The Reply raised two fundamental issues that Defendant did not mention, much less argue, in its initial Motion for Voluntary Remand, ECF No. 177 ("Motion"). First, Defendant claimed—contrary to this Court's precedent—that by framing its proposed corrective action as a request for "remand," Defendant can deprive this Court of authority to evaluate the rationality of the corrective action the Department of Defense ("DoD") intends to take. Second, Defendant revealed, for the first time, that DoD will amend the solicitation to conform the definition of "highly accessible" storage to Microsoft's proposed technical solution for Price Scenario 6, while forbidding changes to unit prices or discounts. Each of these newly raised issues bolsters AWS's request for close and careful scrutiny of DoD's illusory proposed corrective action for rationality and fairness, as required by this Court's precedent.

**I.    DEFENDANT'S REQUEST FOR REMAND PROPOSED CONCRETE CORRECTIVE ACTION THAT IS SUBJECT TO THIS COURT'S SCRUTINY.**

The Court's preliminary injunction decision, ECF No. 173 ("Decision"), held AWS is likely to succeed on the merits of its protest because DoD likely "erred in determining that intervenor-defendant's Factor 5, Price Scenario 6 was 'technically feasible' according to the defined terms of the solicitation." Decision at 9. The Court added that this evaluation error likely prejudiced AWS because Microsoft's failure to provide compliant online storage for Price

1

Scenario 6 was "quite likely . . . material," such that AWS "likely is correct" that Defendant "should have assigned a deficiency" to Microsoft's proposal for Factor 5, Price Scenario 6.[1] *Id.*

To address the Court's decision, Defendant asked the Court to remand this case to DoD for 120 days to "reconsider certain aspects of the challenged agency decision." Mot. at 1. Defendant's Motion makes clear that Defendant's *sole purpose* for requesting remand is to take the following corrective actions: (i) issuance of a solicitation amendment revising the technical requirements of Price Scenario 6, (ii) acceptance of "limited proposal revisions addressing the offerors' technical approach to that price scenario," (iii) re-evaluation of "any revised proposals for Price Scenario 6 under both Factor 5 and Factor 9," (iv) reconsideration of the "evaluation of the offerors' online marketplace offerings and conduct of clarifications with the offerors relating to the availability of marketplace offerings," and (v) "reconsideration of the award decision in response to the other technical challenges presented by AWS." *Id.* at 2.

Defendant claims that the request for remand does not reflect corrective action subject to this Court's rational basis review, and that "DoD . . . is entitled to determine the scope of its own plan of reconsideration on voluntary remand." Reply at 8. But as reflected in Defendant's Motion, DoD has already determined the scope of its "plan of reconsideration" (*i.e.*, corrective action) by delineating the steps it intends to take in "reconsider[ing] its evaluation of the technical aspects of

---

[1] As the Court noted in its Decision, the JEDI Source Selection Plan defined a "deficiency" as "[a] material failure of a proposal to meet a Government requirement or a combination of significant weakness[es] in a proposal that increases the risk of unsuccessful contract performance to an unacceptable level." Decision at 9. Moreover, the solicitation specified that a proposal that "does not meet requirements and contains one or more deficiencies and is unawardable" must be rated "Unacceptable," which would render the proposal ineligible for award. AR Tab 342 at 151510; *see also E.W. Bliss Co. v. United States*, 77 F.3d 445, 448 (Fed. Cir. 1996) ("In negotiated procurements, a proposal that fails to conform to the material terms and conditions of the solicitation should be considered unacceptable and a contract award based on such an unacceptable proposal violates the procurement statutes and regulations.") (internal citations omitted).

2

Price Scenario 6." Mot. at 2. And, for the first time in its Reply, Defendant revealed the content of the solicitation amendment it plans to issue. *See, e.g.*, Reply at 10 (indicating solicitation amendment would allow AWS to increase its reliance on nearline storage). Defendant's contention that "DoD has not unilaterally decided to engage in corrective action" is a semantic sleight of hand clearly intended to evade this Court's scrutiny of the substance of its proposed corrective action. Reply at 7.

## II. CORRECTIVE ACTION PROPOSED ON REMAND IS SUBJECT TO RATIONAL BASIS REVIEW.

Corrective action requires a rational basis for its implementation. *Dell Fed. Sys. v. United States*, 906 F.3d 982, 991-92 (2018) (holding rational basis test considers "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion").

In its Reply, Defendant claims its proposed corrective action is immune from this Court's rational basis review because there is a distinction between the procedural mechanism that would enable Defendant to take corrective action (*i.e.*, remand) and the substantive purpose of the remand (*i.e.*, corrective action).[2] Reply at 5-7. This Court, however, has recognized that the procedural mechanism by which an agency seeks to reconsider a source selection evaluation does not alter the fundamental substance of the undertaking—corrective action. *See Centerra Grp., LLC v. United States*, 138 Fed. Cl. 407, 410 (2018) (Campbell-Smith, J.) (referring to Defendant's voluntary remand as "corrective action in response to Centerra's protest" and observing that "DOJ's conduct on remand would have been rejected as a proposed corrective action if it had been clear to the

---

[2] Alternatively, Defendant claims that AWS's objections to the scope of remand are "premature and improperly prejudge DoD's proposed reevaluation." *Id.* at 8. But because this Court's "bid protest jurisdiction arises when an agency decides to take corrective action even when such action is not fully implemented," neither AWS's objections nor this Court's consideration of the improper proposed corrective action is premature. *See Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (Fed. Cir. 2012); *see also infra*, Section IV.

3

court that improper and inequitable discussions were contemplated by DOJ"). Defendant cannot use remand as both a sword to evade an adverse ruling on the merits of the existing record (in this case, which includes both the numerous technical evaluation errors and the bias that improperly influenced the evaluation process) *and* as a shield to protect from scrutiny the corrective actions it intends to take on remand.

In *Centerra*, the government filed an *unopposed* motion to remand the issues raised by the protestor to the procuring agency. *Id.* at 410. There, as here, the government stated that it "wished to 'reconsider its award decision in light of' proposal evaluation errors alleged by [protestor], and any other 'issues raised by [protestor].'" *Id.* The Court found that the government had "voluntarily initiated a corrective action in response to [the] protest, but provided almost no details as to how [the agency] would proceed with its corrective action." *Id.*; *see also Centerra*, No. 18-219C, ECF No. 25 (noting only that "DOJ wishes to reconsider its award decision in light of the issues raised by Centerra," without proposing corrective action). On that basis, and without objection from the protestor, the Court granted the request for remand. *Id.* at 410. Upon review of the actions taken on remand, however—which had not been previously revealed in the request for remand itself— the Court applied the rational basis standard and held the government's corrective actions were arbitrary and capricious. *Id.* at 417. Thus, rational basis review applies to requests for remand to implement corrective action that is "clear to the court." *See id.*

Defendant, however, avoids this Court's guidance in *Centerra* and instead seeks support in three decisions that Defendant claims require the Court to confine its review to whether Defendant's Motion has a "substantial and legitimate" basis for seeking remand. Those cases are not applicable.

4

The "standard of review" espoused by Defendant comes from dicta in *SKF USA Inc. v. United States*, 254 F.3d 1022 (Fed. Cir. 2001), which, as Defendant admits, is not a bid protest case. *SKF* focused on an antidumping determination by the Department of Commerce, and the issue on appeal before the Federal Circuit was "the obligation of a court to remand a case to an administrative agency upon the agency's change in policy or statutory interpretation." *Id.* at 1025. *SKF* did not involve an agency seeking remand in order to take corrective action, including amending the underlying solicitation, accepting proposal revisions, and reevaluating proposals. Moreover, Defendant has not cited a change in policy or statutory interpretation that otherwise would bring AWS's protest within the purview of *SKF*. *See* Reply at 5-7. Unsurprisingly, only two bid protest cases have ever acknowledged *SKF*, and neither relied on the decision to deviate from the proper standard for reviewing challenged corrective action.

In the first, *Field Training Support Services v. United States*, the government requested remand, *with the plaintiff's consent*, because the Small Business Administration Office of Hearings and Appeals ("OHA") wanted to reconsider a prior decision after the government "found in the record a document that was not addressed by the parties or OHA." No. 16-1023C, 2016 WL 7212326, at *1 (Fed. Cl. Dec. 13, 2016). Thus, the motion for remand in *Field Training* was intended to remedy an error that prevented the OHA from reviewing the complete record, and was not a vehicle for corrective action, as it is here. *See id.* The Court therefore had no reason to apply the standard of review for assessing the rationality of corrective action prior to granting the motion for remand. *See id.*

Similarly, in *Brooks Range Contract Services*, the government requested remand, *again with the plaintiff's consent*, without actually committing to corrective action. *See* Nos. 19-1827C & 19-1828C, ECF No. 31 at 1 (Fed. Cl. Jan 10, 2020). The government merely stated that, on

5

remand, it "*may* wish to conduct limited communication exchanges with BRCS and possibly other offerors about these issues and other potential issues," that "[t]he agency currently does not intend to conduct discussions or accept proposal revisions," and that it "*potentially could* make decisions that could moot [the protest], in whole or in part, and may obviate the need for further litigation in this Court." *See* Nos. 19-1827C & 19-1828C, ECF No. 27 at 2 (Fed. Cl. Jan 10, 2020) (emphasis added). Thus, the Court had no basis to apply the standard of review for corrective action challenges prior to granting the motion for remand because no concrete corrective action had been proposed. *See* Nos. 19-1827C & 19-1828C, ECF No. 31 at 1 (Fed. Cl. Jan 10, 2020). Neither case cited by Defendant considered a remand request that was challenged by the protestor, or that actually *proposed* the corrective action to be taken.

In this case, by contrast, Defendant has not only stated that it seeks remand to reconsider its evaluations and award decision, but also has identified concrete corrective actions it will take on remand: amending the solicitation, accepting limited proposal revisions, and reevaluating proposals. Mot. at 2. Such measures constitute corrective action subject to the Court's rationality review. Indeed, unlike a remand to reconsider proposal evaluations and the award decision based on the *existing* administrative record, Defendant's proposed corrective action will result in a *new* administrative record for the reconsidered decision (*i.e.*, an amended solicitation, revised proposals, and clarification exchanges). Defendant elides this key distinction in an attempt to avoid this Court's review of the rationality and fairness of the corrective action proposed. Where a request for remand in a bid protest not only "request[s] a remand (without confessing error) in order to reconsider its previous position," but goes further and identifies the actions the agency will take on remand, those proposed actions are subject to the standard of review applicable to

6

corrective action, and not the "substantial and legitimate concern" standard grafted out of a non-bid protest case in circumstances that have no relevance here. *See Centerra*, 138 Fed. Cl. at 410.

### III. THE PROPOSED CORRECTIVE ACTION CANNOT WITHSTAND RATIONAL BASIS REVIEW.

Defendant attempts to evade rational basis review precisely because its proposed corrective action is irrational and would result in a predetermined re-award of the JEDI contract to Microsoft—a fundamental breach of the very premise of corrective action. *See Manus Med., LLC v. United States*, 115 Fed. Cl. 187, 191 (2014) (noting corrective action is intended "to ensure fair and impartial competition"). Defendant's Reply indicates that DoD's proposed solicitation amendment will revise the definition of "highly accessible" storage from one that explicitly required online storage to one that permits ▮▮▮▮▮▮▮▮▮▮ that Microsoft proposed in response to Price Scenario 6. *See* Reply at 10, 12. In other words, Defendant admits the proposed amendment will merely conform the definition of "highly accessible" to Microsoft's offering. *See* Def.'s Resp. in Opp. to Pl. Mot. for Leave to File Sur-Reply at 4 (noting AWS had an opportunity to "address the possibility that the amendment would permit storage that offerors market as 'nearline' to be included for Price Scenario 6"). DoD thus has plainly tailored its corrective action to cure the deficiency identified by the Court and *ensure* Microsoft's existing proposal is eligible for award—a practice this Court has found to be arbitrary and capricious. *See Prof'l Serv. Indus., Inc.*, 129 Fed. Cl. 190, 206 (2016) (holding agency's decision to amend solicitation to conform to awardee's proposal was arbitrary and capricious, and that agency failed to engage in reasoned decision-making). But DoD did not stop there: the proposed corrective action also imposes a blanket restriction on pricing revisions in the face of this changed technical requirement, which contradicts the RFP's requirement for a unified pricing approach and all but

7

*guarantees* that Microsoft will also remain the lowest priced offeror. Thus, under DoD's proposed corrective action, re-award to Microsoft is a *fait accompli*.

Defendant tries to justify this arbitrary and one-sided approach by claiming broader corrective action is unwarranted because AWS did not challenge DoD's evaluation of the other price scenarios. Reply at 8-9. Defendant, however, simply ignores the facts—namely, the clear impact of its proposed corrective action on the offerors' pricing of the other scenarios. *See id.* As Defendant admits, the solicitation required offerors to propose uniform unit prices and discounts based on a holistic analysis of requirements across all of the price scenarios based on DoD's projected needs. *Id.* at 6; *see also* AR Tab 342 at 151478, 151498, and 151500. If DoD gerrymanders the requirements for Price Scenario 6 to allow previously noncompliant nearline storage, DoD will have changed the factual predicates upon which the offerors developed and proposed their *unified* unit prices and discounts for *all* price scenarios. *See* AR Tab 342 at 151478; *See also* AR Tab 375 at 154072, AWS Proposal, Vol. VI, A.1 (Customized Discount Strategy: "Our pricing discounts are based upon a *comprehensive understanding of the current and future state of DoD requirements*, best in class technical solutions that optimize requirements, and a discount strategy that focuses on delivering value to DoD." (emphasis added)). This approach is the antithesis of a rational process designed to procure critical cloud services at the best value for the government. DoD cannot gerrymander technical requirements to suit Microsoft's non-compliant offer but hold AWS to pricing that was offered in connection with a compliant response to the soon-to-be defunct technical requirements of the original solicitation. AWS must have the ability to compete on value—which is the combination of technical solution and price.

Defendant's misconceived conjecture that AWS "regrets its pricing strategy" or failed to "offer their best pricing to the Government" ignores this fundamental reality. Reply at 8, 10. As

8

*required* by the RFP, AWS offered its best pricing *based on the technical requirements of the solicitation.*[3] *See* AR Tab 342 at 151498, 151500. But Defendant now intends to change those requirements without providing offerors a corresponding opportunity to revise their pricing. Given the Government's mandate under the JEDI solicitation is to select the offeror that provides the best value based on price and non-price factors, *which should have resulted in award to AWS as the only offeror that submitted a compliant proposal,* it is irrational and unfair for DoD to require offerors to maintain their pricing while changing the technical requirements upon which that pricing is based.[4] That is not a quest to award the contract to the offeror that provides the best value; it is a quest to reproduce the same flawed result. It is not corrective action that should be permitted by this Court.

Defendant also suggests that allowing the offerors to revise unit prices and discounts would prejudice Microsoft because, as the awardee, its total evaluated price was disclosed to AWS, while Microsoft does not know AWS's total evaluated price. Reply at 9-10. Defendant's concern, like

---

[3] AWS based its proposed discount for online storage on DoD's projected needs, as stated in the price scenarios. *See* AR Tab 342 at 151478 ("[The] scenarios included in Section L are based on the Government's projected needs . . ."). Many factors go into the pricing of a service, but a primary driver is projected sales. A higher volume of projected sales allows for lower pricing because the expenses related to the development and delivery of a service can be spread out over the increased volume. It is nonsensical to require AWS to maintain its existing discount structure while modifying the requirements on which those discounts are based, particularly where the solicitation amendment Defendant plans to issue will only serve to make the technical approach proposed by Microsoft technically compliant, thereby allowing Microsoft to maintain discounts specifically designed in connection with its previously noncompliant offering.

[4] If DoD is unwilling to allow revisions to unit prices and discounts, another alternative would be to amend the RFP to remove Price Scenario 6 altogether, as AWS suggested in its Opposition. Pl. Opp. Mot. for Vol. Remand, ECF No. 181 at 6. Although Defendant suggests this approach would "tilt" the "playing field" in AWS's favor, Reply at 11, in reality, removing Price Scenario 6 would allow the government to reevaluate its award decision without the need for a solicitation amendment or proposal revisions, while simultaneously nullifying the "misunderstanding" Defendant claims prevented Microsoft from submitting a technically compliant proposal (and the DoD from fairly evaluating the offeror's prices), *id.* at 12.

9

its proposed corrective action, is illusory. A protester always knows the original awardee's proposed price—which is disclosed in debriefings and generally made public—and yet agencies have consistently managed to conduct fair and equal procurements following corrective action. *See e.g., Am. Material Handling, Inc.*, B-406739, Aug. 14, 2012, 2012 CPD ¶ 234 at 4 ("Where, as here, the termination of an awardee's contract and reopening of the competition are otherwise proper, prior disclosure of an offeror's price does not preclude resoliciting or reopening the competition."); *Nova Techs.*, B–403461.3 *et al.,* Feb. 28, 2011, 2011 CPD ¶ 51 at 4 ("[A]n agency is not required to equalize the possible competitive advantage flowing to other offerors as a result of the release of information in a post-award setting where the release was not the result of preferential treatment or other improper action on the part of the agency."). And, as Defendant notes, the offerors would have "an equal chance to revise their proposals." *See* Reply at 11. Microsoft therefore could adjust its pricing if it is concerned that its price competitiveness is in jeopardy, which would only serve to benefit the taxpayer. Defendant's purported concern thus is a further contrivance designed to evade meaningful review by this Court.

### IV. JUDICIAL EFFICIENCY REQUIRES APPLICATION OF THE CORRECTIVE ACTION STANDARD OF REVIEW.

Defendant's attempt to shield its proposed corrective action from meaningful judicial review also raises a further concern. Defendant has explained the substance of DoD's proposed corrective action, yet it claims the Court may not review its rationality. If the Court accepts this contrivance, AWS will have to file a separate protest once DoD issues its proposed solicitation amendment to seek redress with the Court. Delaying AWS's ability to challenge DoD's proposed corrective action, however, would be contrary to the Federal Circuit's guidance that "bid protest jurisdiction arises when an agency decides to take corrective action even when such action is not fully implemented." *See Sys. Application & Techs.*, 691 F.3d at 1381.

By evading evaluation of the rationality of DoD's proposed corrective action now, Defendant would require AWS to wait to challenge DoD's corrective action until DoD begins its implementation through the proposed solicitation amendment. And where DoD has already proposed corrective action in its request for remand, Defendant is likely to claim that any post-implementation challenge to that corrective action is untimely in its continuing game of "heads I win, tails you lose." *Cf. Sotera Def. Sols., Inc. v. United States*, 118 Fed. Cl. 237, 255 (2014) (declining to find waiver over corrective action protest but noting "the uncertainty as to the appropriate deadline for avoiding waiver of a corrective action protest"). This maneuvering will lead to needless delay, which is particularly unwarranted in a setting where Defendant has repeatedly professed an interest in expedience for the sake of national security. The Court should not allow Defendant to impose such a burden on AWS or this Court.

## CONCLUSION

DoD's proposed corrective action on remand, as detailed in Defendant's Motion and Reply, is subject to rational basis review under this Court's precedent. When evaluated under the appropriate standard of review, the corrective action—which DoD tailored to cure the deficiency this Court identified in Microsoft's proposal while suppressing AWS's ability to compete on a best value basis—is neither rational nor fair. Accordingly, consistent with its authority in corrective action challenges to "delineate the area of further consideration or action deemed warranted on the remand," AWS requests that the Court deny Defendant's Motion, and require DoD to revise its corrective action to *reasonably* reconsider the JEDI award decision by (i) permitting offerors to revise their unit prices and discounts across all Price Scenarios, or removing Price Scenario 6 from the evaluation; and (ii) re-evaluating proposals with respect to all the errors identified by the protest. *See Diversified Maint. Sys., Inc. v. United States*, 74 Fed. Cl. 122, 127-28 (2006) ("When

a remand is appropriate, this court may provide the agency with such direction as [this court] may deem proper and just . . . . An order of remand shall . . . delineate the area of further consideration or action deemed warranted on the remand." (internal citations omitted)). Such corrective action is necessary to provide an even playing field for the offerors and is more conducive to an award that actually advances the public interest.

Dated: April 9, 2020                    Respectfully submitted,

By: _____
Kevin P. Mullen
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

*Attorney of Record for Plaintiff Amazon Web Services, Inc.*

*Of Counsel:*

J. Alex Ward
Daniel E. Chudd
Sandeep N. Nandivada
Caitlin A. Crujido
Alissandra D. Young
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006-1888

Andrew S. Tulumello
Daniel P. Chung
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Theodore J. Boutrous, Jr.
Richard J. Doren
Eric D. Vandevelde
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197