# In the United States Court of Federal Claims

No. 19-1796C

(E-filed: April 18, 2020)[1]

|  |  |
|---|---|
| AMAZON WEB SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MICROSOFT CORP., | ) ) |
| Intervenor-defendant. | ) ) |

ORDER

On March 12, 2020, defendant filed a motion for voluntary remand, asking the court to "remand this case to the Department of Defense (DoD or agency) for 120 days to reconsider certain aspects of the challenged agency decision." ECF No. 177. In ruling on defendant's motion, the court also considered the following filings: (1) plaintiff's response, ECF No. 181; (2) intervenor-defendant's response, ECF No. 182; (3) defendant's reply, ECF No. 185; (4) plaintiff's sur-reply, ECF No. 197; (5) intervenor-defendant's response to plaintiff's sur-reply, ECF No. 198; and (6) defendant's response to plaintiff's sur-reply, ECF No. 199. For the reasons set forth below, defendant's motion for voluntary remand is **GRANTED**.

Defendant is "making this motion in response to the complaint and motion for preliminary injunction filed by [plaintiff], and this Court's opinion and order

---

[1] This order was issued under seal on April 17, 2020. The parties were invited to identify competition-sensitive information for redaction, but reported to the court that no redactions were necessary. See ECF No. 204. Thus, the sealed and public versions of this order are identical, except for the publication date and this footnote.

preliminarily enjoining performance of DoD's Joint Enterprise Defense Infrastructure (JEDI) contract." ECF No. 177 at 1; see also ECF No. 164 (court's February 13, 2020 opinion and order enjoining performance). Defendant indicates that it intends to address the agency's likely error in evaluating the offeror's proposals for Factor 5, Price Scenario 6, as previously identified by this court. See ECF No. 177 at 2. Specifically, defendant states that the agency "wishes to reconsider its evaluation of the technical aspects of Price Scenario 6, and intends to issue a solicitation amendment and to accept limited proposal revisions addressing offerors' technical approach to that price scenario." Id. Defendant reports that the agency will then "reevaluate any revised proposals for Price Scenario 6 under both Factor 5 and Factor 9." Id. Defendant also states that it will reconsider additional aspects of the procurement, for which proposal revisions will not be necessary, including "the offerors' online marketplace offerings," and "other technical challenges presented by [plaintiff]." Id. Defendant argues that remand is appropriate because "[d]uring the proposed remand, the agency potentially could make decisions that would moot this action, in whole or in part, and may obviate the need for further litigation in this Court." Id. at 3. Plaintiff opposes defendant's motion, see ECF No. 181, but intervenor-defendant does not, see ECF No. 182.

The disagreement between plaintiff and defendant, which informs their respective positions on remand, involves the proper standard by which the court should evaluate defendant's motion. This court has "the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2012); see also Rule 52.2(a) of the Rules of the United States Court of Federal Claims (RCFC) ("In any case within its jurisdiction, the court, on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official."). According to defendant, the court should follow the reasoning in SKF USA Inc. v. United States, 254 F.3d 1022 (Fed. Cir. 2001), an antidumping case, in which the United States Court of Appeals for the Federal Circuit reversed the lower court's decision to deny the Department of Commerce's motion for remand. In SKF, the Federal Circuit set forth five positions that an agency may generally take when an agency action is under court review. See id. at 1027-30. Among the identified positions, the court noted that an agency "may request a remand (without confessing error) in order to reconsider its previous position." Id. at 1029. And, although the court has the discretion to deny a motion to remand "if the agency's request is frivolous or in bad faith," when "the agency's concern is substantial and legitimate, a remand is usually appropriate." Id.

Plaintiff argues, in opposition, that in order to justify a remand, defendant must show that any corrective action it plans to take has a rational basis. See ECF No. 181 at 3. As the Federal Circuit has stated, rational basis review of corrective action considers "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion." Dell Federal Sys. v. United States, 906 F.3d 982, 992 (Fed. Cir. 2018) (citation omitted). Plaintiff cites a host of cases explaining the application of this

2

standard. See ECF No. 181 at 3. But neither plaintiff, nor any of the cases it cites, directly address the standard for evaluating motions for remand. Instead, plaintiff argues that defendant's motion for remand proposes corrective action, which the court should find irrational because it is, in various respects, too narrow. See id. at 4-9.

In addition, plaintiff contends that the approaches to remand articulated by the Federal Circuit in SKF should not apply here because SKF was not a bid protest case. See ECF No. 197 at 8-10. The court is not persuaded, however, that the principles stated therein have no application here. As an initial matter, plaintiff presents no authority to support its argument that motions for remand in bid protest cases require heightened or different justification than in other record review cases. And the policy behind allowing such remands militates against adopting this restrictive view.

In Nicely v. United States, 132 Fed. Cl. 649 (2017), a military pay case, this court clearly summarized the rationale for allowing remands, and connected it directly to the reasoning in SKF:

> The Supreme Court has also held that, except in rare circumstances, a remand to an agency is appropriate for additional investigation or explanation, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). This is so because, "[t]he reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Id.
>
> Similarly, the United States Court of Appeals for the Federal Circuit has explained that . . . , an agency may request a remand without confessing error, in order to reconsider its previous position. [SKF, 254 F.3d] at 1029. In such a situation, "the reviewing court has discretion over whether to remand." Id. (citing Southwestern Bell Tel. Co. v. Fed. Communications Comm'n, 10 F.3d 892, 896 (D.C. Cir. 1993)).

Nicely, 132 Fed. Cl. at 652-53.

This rationale comports with the court's bid protest review. Like in other record review cases, the court's review of bid protests is deferential to the agency. In a bid protest, the court does not review the agency's decision de novo; instead, the court considers whether the "agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law." Glenn Def. Marine (ASIA), PTE Ltd. v. United States, 720 F.3d 901, 907-08 (Fed. Cir. 2013). If the court finds that the agency acted in error, the court then must determine whether the error was prejudicial. Bannum,

3

Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  This standard of review is "highly deferential."  Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1058 (Fed. Cir. 2000).  As such, in this court's view, the same value identified by the court in Nicely may be gained by remanding a bid protest matter to the appropriate agency when that agency wishes to "reconsider its previous position" in light of the protestor's challenges.  SKF, 254 F.3d at 1029.

The court does not, as a general matter, disagree with plaintiff's formulation of the standard applicable to corrective action review.  Plaintiff is, however, asking the court to evaluate a potential corrective action that has yet to be fully formulated.  See ECF No. 199 at 10 (defendant stating that "[t]o be clear, the [solicitation] amendment has not yet been issued nor its content determined," and noting "that the agency has elected to collect further information" as it reconsiders its award decision).  The court is unaware of, and the parties have not identified, any authority requiring the court to approve the precise corrective action plan before granting a motion for remand.  And even assuming that such an approach is permissible, the court finds it unnecessary and contrary to the efficient administration of justice in this case.  Plaintiff will have the opportunity to challenge any corrective action proposed by the agency at a later time, once defendant has reevaluated plaintiff's various challenges and announced a comprehensive plan for addressing any errors.  As such, allowing a remand now does not unfairly prejudice plaintiff's legal rights.

The court also finds no evidence of frivolity or bad faith on defendant's part.  See SKF, 254 F.3d at 1029 (noting that the court has the discretion to deny a motion to remand "if the agency's request is frivolous or in bad faith.").  To the contrary, the court's decision to enter a preliminary injunction is strong evidence that "the agency's concern [about possible errors in the procurement process] is substantial and legitimate."  Id.  Plaintiff suggests that defendant is unfairly attempting to tilt the playing field to intervenor-defendant's advantage.  See, e.g., ECF No. 197 at 10-11 (claiming that defendant's proposed reevaluation ensures an advantage to intervenor-defendant, and accusing defendant of attempting to "gerrymander technical requirements to suit [intervenor-defendant's] non-compliant offer but hold [plaintiff] to [previously proposed] pricing").  But these arguments again depend on the particular details of any corrective action that are, as noted above, not yet known.  Plaintiff will have an opportunity to raise such issues should it elect to make a timely challenge to any corrective action defendant takes.

Accordingly,

(1) Defendant's motion for remand, ECF No. 177, is **GRANTED**;

(2) Pursuant to 28 U.S.C. § 1491(a)(1) and RCFC 52.2(a), plaintiff's claims are **REMANDED** to the United States Department of Defense so

    that the agency may reconsider the aspects of the procurement challenged in this protest action;

(3) The initial duration of the remand is **one-hundred twenty days** from the date of this order, or until **August 17, 2020**, which may be extended, upon motion, pursuant to RCFC 52.2(c), or which may be shortened should the agency complete its reconsideration process sooner;

(4) The clerk's office is directed to **STAY** this case until further order of the court;

(5) On or before **April 20, 2020, at 12:00 p.m. eastern time**, defendant is directed to **FILE** a **status report** providing the court with the name and address of the agency representative on whom the court should serve a certified copy of this order;

(6) On or before **May 1, 2020**, the parties are directed to **CONFER** and **FILE** a **notice** attaching the parties' agreed upon redacted version of this order, with all competition-sensitive information blacked out;

(7) The parties are directed to **FILE** a **joint status report** on or before **June 16, 2020**, **and every sixty-day interval thereafter**, indicating the status of proceedings on remand, pursuant to RCFC 52.2(b)(1)(D); and

(8) The parties are directed to **FILE** a **joint status report** within **five days** after the conclusion of remand proceedings that sets forth the parties' positions regarding whether further litigation of this matter is necessary. If further proceedings are appropriate, the parties shall include a proposed schedule to govern this case going forward.

IT IS SO ORDERED.

             s/Patricia E. Campbell-Smith
             PATRICIA E. CAMPBELL-SMITH
             Judge