**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-1796C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor-Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Opinion and Order dated April 28, 2021 (ECF No. 264), the parties have conferred, and jointly and respectfully file the following status report regarding planning for further proceedings in this case. Despite the parties' efforts, we have been unable to come to a mutual agreement on a schedule for further proceedings. As such, each party's position is laid out separately below.

**Plaintiff, Amazon Web Services, Inc. (AWS)**:

Consistent with the Court's prior recognition that "the content of the AR is likely to affect all subsequent filings proposed by the parties," ECF No. 223 at 2, AWS requests that the Court schedule the briefing and filing of a Motion to Complete the Administrative Record, followed by a Motion to Supplement the Administrative Record and Requests for Discovery, then Cross-Motions for Judgment on the Administrative Record, in a sequential, stepwise manner. Accordingly, AWS proposes the following schedule:

| AWS PROPOSED SCHEDULE | |
|---|---|
| **Action** | **Date** |
| AWS Files Renewed Motion to Complete | June 18, 2021 |
| Government and Microsoft File Responses to Renewed Motion | July 9, 2021 |
| AWS Files Reply in Support of Renewed Motion to Complete | July 16, 2021 |
| All further proceedings | To be determined |

This sequential approach is both fair and efficient.  Any documents produced by Defendant to complete the administrative record, including the e-mail and Slack messages the Court *twice* previously ordered Defendant to produce (ECF No. 15 and ECF No. 55), but that Defendant refuses to produce (ECF No. 163 at 18) (claiming the Government need not produce documents the Court ordered it "should" produce because the Court did not state the Government "must" produce them), will directly impact the content and scope of the Motion to Supplement and Requests for Discovery.  If AWS were to brief the Motion to Complete and Motion to Supplement and Requests for Discovery concurrently, as the Government proposes, AWS would in all likelihood be required to file yet *another* Motion to Supplement the record based upon information in the belatedly produced record documents. This would result in additional rounds of briefing by each party and further delay resolution of the protest and the implementation of the JEDI program.

The Government's invocation of national security does not justify—and is, in fact, antithetical to—the inefficient briefing schedule it proposes. As the Government has conceded, "[i]rrespective of the urgency, a procurement of this magnitude cannot be conducted overnight." ECF No. 173 at 14 (citing ECF No. 139 at 66). DoD has not articulated why taking the time to ensure the record is complete for a fair and full adjudication of AWS's protest unduly jeopardizes national security.

2

Moreover, as the Court recognized in its preliminary injunction decision, "the benefits of the JEDI program, while no doubt significant, are prospective," as "a delay in the JEDI program would simply require defendant to continue using the means by which it is presently accomplishing its important missions…." ECF No. 173 at 15.  DoD's public statements and actions during this protest confirm the Court's reasoning and make clear that DoD would suffer no harm from a sequential briefing schedule.  According to former DoD Chief Information Officer Dana Deasy, following this Court's preliminary injunction, DoD "quickly took a portion of the JEDI engineering team and pivoted them to work with the services, the combatant commands, those early adopters … and said how can we help find homes where you can go and we can at least get energy and effort started."[1]  As Deasy explained, "[w]hen we got put on hold with JEDI, that didn't mean we were going to stop working on figuring out ways to support the warfighter."[2]  In fact, despite the injunction, DoD has continued to work with agencies to prepare them for the transition to JEDI "so when the JEDI cloud finally does get awarded, we're not starting at day one."[3]  And, DoD has publicly touted the expansion of other cloud vehicles it continues to leverage during the pendency of the protest.[4]  The Government's stated "urgent"

---

[1]  Billy Mitchell, *Awaiting JEDI, Pentagon finds "New Homes" For Missions that Need Cloud Now*, Oct. 1, 2020, *available at* https://www.fedscoop.com/pentagon-cloud-missions-dana-deasy-jedi/ (last accessed May 28, 2021).

[2]  Sydney J. Freedberg, Jr., *JEDI Delay Doesn't Derail DoD Cloud:  Pentagon CIO*, Sept. 30, 2020, *available at* https://breakingdefense.com/2020/09/jedi-delay-doesnt-derail-dod-cloud-pentagon-cio/ (last accessed May 28, 2021).

[3]  *Id.*

[4]  *See, e.g.,* Jackson Barnett, "DOD working to expand telework to support classified information," Jul. 30, 2020, *available at* https://www.fedscoop.com/dod-secure-teleworking-jedi-cloud-contracts/ (noting Deasy "always intended DOD to be a 'multi-cloud environment.'")

need for JEDI therefore is inconsistent with its prior statements and unavailing.  *See Palantir USG, Inc. v. United States*, 129 Fed. Cl. 218, 294 (2016) (finding no immediate national security consequences in light of existing infrastructure).

The Government's argument that the Motions to Complete and to Supplement the Administrative Record were briefed concurrently at the outset of the protest is misleading and, in any event, has no bearing on the propriety of doing so now based on the current procedural posture of the case.  At the outset of the case, the Parties proposed, and the Court ordered, a briefing schedule for AWS's Motion to Supplement, the Government's and Microsoft's Motions to Dismiss, and AWS's Motion for Temporary Restraining Order and Preliminary Injunction, that noted the "parties have proposed that the court issue its ruling . . . on or before February 11, 2020" in the face of an arbitrary deadline imposed by DoD by which it intended to commence performance.  *See* ECF No. 115.  After the Government delayed for weeks in producing numerous documents it agreed were properly part of the AR, and refused to produce others, AWS was forced also to file a Motion to Complete the Record. ECF No. 127.  The Court then ordered the Parties to inform the Court whether the Motion to Complete would disrupt the existing briefing schedule.  ECF No. 131.  In response to the Court's order, which noted that "[c]hanges to the briefing schedule previously entered by the court will compromise the court's

---

(last accessed May 28, 2021); Mila Jasper, "How the Defense Department's MilCloud 2.0 Effort is Evolving," Feb. 22, 2021, *available at* https://www.nextgov.com/it-modernization/2021/02/how-defense-departments-milcloud-20-effort-evolving/172207/ ("the number of workloads migrated to milCloud 2.0 doubled last year compared to 2019") (last accessed May 28, 2021); Lauren C. Williams, "What's new in Army cloud," Aug. 28, 2020, *available at* https://fcw.com/articles/2020/08/28/williams-cloud-puckett-carmy.aspx (discussing emergence of "cArmy," the Army's "foundation of common secure cloud services") (last accessed May 28, 2021).

ability to render decisions on the parties' preferred timeline," the Parties filed a joint status report informing the Court that they would "abide by the deadlines as set pursuant to this court's rules" in briefing the Motion to Complete, which resulted in a briefing schedule that overlapped with the existing schedule, including the Motion to Supplement.  ECF Nos. 131, 135.

In addition, AWS has since filed a new Amended Complaint, ECF No. 236, and additional record documents have been developed on remand, but withheld from production. Further factual developments have transpired, including the Trump White House's stonewalling of a DoD Inspector General investigation into the very issues that AWS raised in its Amended Complaint.  *Id.* at 10, 145-49.  The Court can, and should, set an efficient briefing schedule that still gives "due regard to the interests of defense and national security" by accepting AWS's proposed schedule.

**Defendant, The United States:**

The United States proposes the following schedule, which we believe to be consistent with the Court's expressed desire to allow full briefing and consideration of the issues in this bid protest, while remaining mindful of the Court's statutory responsibility in bid protest cases to "give due regard to the interests of national defense and national security and the need for expeditious resolution of the action."  28 U.S.C. § 1491(b)(3).

| DEFENDANT AND DEFENDANT-INTERVENOR PROPOSED SCHEDULE | |
|---|---|
| **Action** | **Date** |
| AWS Files Renewed Motion to Complete and/or Supplement AR and for Discovery | June 18, 2021 |
| Government and Microsoft File Responses to Renewed Motions | July 2, 2021 |
| AWS Files Replies in Support of Renewed Motions | July 9, 2021 |
| The Court Resolves Renewed Motions | As soon as practicable |

| *If the Court Does Not Grant Discovery or Significant Supplementation of the Record:* | |
|---|---|
| AWS Files Motion for Judgment on the Administrative Record (MJAR) | August 20, 2021 |
| Government and Microsoft File Cross-MJARs and Oppositions to AWS's MJAR | September 17, 2021 |
| AWS Files Opposition to Cross-MJARs and Reply | October 1, 2021 |
| Government and Microsoft File MJAR Replies | October 15, 2021 |

| *If the Court Grants Discovery or Significant Supplementation of the Record:* | |
|---|---|
| Discovery Ends; Government Files Administrative Record Supplements | As soon as reasonably practicable |
| AWS Files Motion for Judgment on the Administrative Record | 21 days after completion of discovery and completion of administrative record |
| Government and Microsoft File Cross-MJARs and Oppositions to AWS's MJAR | 21 days after filing of AWS's MJAR |
| AWS Files Opposition to Cross-MJARs and Reply | 14 days after filing of Government/Microsoft's Cross-MJARs |
| Government and Microsoft File Replies | 14 days after filing of AWS's Response/Reply |

No good cause exists to bifurcate renewed briefing on the contents of the administrative record. In the previous round of briefing on these issues in January and February 2020, the parties briefed the issues concurrently, on a significantly expedited schedule and alongside briefing on motions to dismiss and for temporary injunctive relief. This briefing revealed that the issues presented in these briefs parallel and overlap in a number of important respects. For example, AWS's previously filed Motion to Complete the AR asks the Court to consider, in the alternative to ordering that certain materials be added to complete the AR, ordering that the Court supplement the AR with the same materials. *See, e.g.*, ECF No. 156 at 19 n.6. Judicial efficiency counsels consideration of the two motions simultaneously, rather than seriatim.

Moreover, although doubtless some differences in position and circumstance will emerge in renewed briefing, the parties have thoroughly and extensively briefed these matters before in this very case. AWS alleges that this fact has no bearing on the current procedural posture in the case, but fails to identify any difference of substance from the posture of this case over a year ago. Any benefit gained by taking additional time to rehash in detail issues that the parties have already explored in depth is greatly outweighed by the ongoing harm to national security or continued delay in fielding these critical capabilities. The passage of over 18 months since this bid protest was filed serves to increase the urgency of expeditious resolution now, not reduce it.

Additionally, AWS's charge that additional delay is attributable to the Government is mere rhetoric – as the United States has carefully explained in previous briefing and will again illustrate in response to AWS's anticipated motions, AWS is incorrect about the proper contents of the AR, which is now complete under the law and requires no addition or supplementation.

Finally, as we have consistently described throughout this litigation, continued delay significantly harms critical national security interests. Performance under the Joint Enterprise Defense Infrastructure (JEDI) contract at issue in this litigation, which provides for capabilities urgently needed in support of national security, continues to be stayed pursuant to the Court's preliminary injunction, issued February 13, 2020 (ECF No. 164); *see, e.g.,* Def. Opposition to Pl. Mot. For TRO and Prelim. Injunction, ECF No. 139, at 53-58, attached declarations. Continued delay in the start of performance under JEDI entails continuing, and to some degree compounding, national security implications.

AWS responds by quoting statements from senior DoD officials explaining the lengths to which DoD has gone to mitigate the harm to national security stemming from the delay in

fielding JEDI capabilities.  But, as we have acknowledged throughout this litigation, of course DoD will work to defend the nation, irrespective of whether and when it is able to field JEDI – its mission is to keep the country safe, and it will work to achieve that mission regardless of the constraints.  AWS's attempt to leverage this noble calling for its own self-serving interests merely underscores the need for this Court to fully, fairly, and expeditiously adjudicate AWS's allegations so that the DoD may field the tools necessary to achieve its critical mission.  Moreover, AWS's reliance on the prospective nature of the JEDI program as a factor cutting against its urgency is misplaced – that a capability is not yet fielded does not negate the urgent need for it, particularly in a world of renewed great power competition.

The Court's jurisdictional statute requires that it "give due regard to the interests of national defense and national security and the need for expeditious resolution of the action" when deciding bid protest cases.  28 U.S.C. § 1491(b)(3); *see also Linc Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 703 (2010).  As such, briefing the issues in this case on an expedited schedule – typical for any bid protest, let alone one presenting the weighty national security concerns implicated here – while permitting adequate time for the full exploration of important issues, is warranted.  We propose the above schedule as a reasonable compromise solution, which would adopt longer than usual protest timelines to afford all parties adequate time to present arguments fully, while also moving the case forward steadily, in recognition of the urgent interests at stake.

**Intervenor-Defendant, Microsoft Corporation**:

Microsoft agrees with the schedule proposed and the reasoning expressed by the United States.  Further unnecessary delay in this case is prejudicial to Microsoft, which was ready to

perform on the JEDI contract until the Court issued the preliminary injunction 15 months

ago.  Since then, and despite the fact that it remains unclear when the case will be decided,

Microsoft has continued to invest in the program, has remained ready to perform, and is

incurring continuing costs, while losing anticipated revenue. Microsoft objects to Amazon's

tactics aimed at prolonging the duration of this protest—despite the needs of our military and the

significant national security interests at stake.  Microsoft, therefore, seeks as prompt a decision

as can be obtained, and urges the Court to accept the schedule proposed by the United States for

further litigation in this case.

*       *       *

The parties respectfully request that the Court schedule further proceedings in this case as

the Court deems appropriate.

Respectfully submitted,

<u>s/ Kevin P. Mullen</u>
Kevin P. Mullen
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888
Telephone: 202.887.1500
Facsimile: 202.887.0763

*Attorney of Record for Plaintiff*
*Amazon Web Services, Inc.*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

<u>s/ Patricia M. McCarthy</u>
PATRICIA M. MCCARTHY
Assistant Director

9

Of Counsel For Plaintiff:

J. Alex Ward
Sandeep N. Nandivada
Caitlin A. Crujido
Alissandra D. Young
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, DC  20006-1888

Andrew S. Tulumello
Daniel P. Chung
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C.  20036

Theodore J. Boutrous, Jr.
Richard J. Doren
Eric D. Vandevelde
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197

s/ Anthony F. Schiavetti
ANTHONY F. SCHIAVETTI
Senior Trial Counsel
RETA E. BEZAK
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7572
Fax: (202) 305-1571
anthony.f.schiavetti@usdoj.gov

*Attorneys for Defendant*

Of Counsel for Defendant:

MICHAEL G. ANDERSON
BENJAMIN M. DILIBERTO
Assistant General Counsel
Washington Headquarters Service &
Pentagon Force Protection Agency
Office of General Counsel
Department of Defense

TYLER J. MULLEN
CCPO Legal Advisor
Assistant General Counsel
Defense Information Systems Agency
Office of the General Counsel

s/ Robert S. Metzger
Robert S. Metzger (Counsel of Record)
Jeffery M. Chiow
Neil H. O'Donnell
Lucas T. Hanback
Stephen L. Bacon
Deborah N. Rodin
Eleanor M. Ross
ROGERS JOSEPH O'DONNELL, P.C.

10

875 15th Street NW, Suite 725
Washington, DC 20005
Tel: (202) 777-8951
Fax: (202) 347-8429
Email: rmetzger@rjo.com

*Attorneys for Intervenor-Defendant*
*Microsoft Corp.*

Of Counsel for Intervenor-Defendant:

LATHAM & WATKINS LLP
Abid R. Qureshi
Roman Martinez
Anne W. Robinson
Dean W. Baxtresser
Genevieve Hoffman
Riley Keenan
Margaret Upshaw

555 Eleventh Street, N.W., Suite 100
Washington, D.C.  20004
(202) 637-2200 (Telephone)
(202) 637-2201 (Facsimile)

Dated:  May 28, 2021

11