### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | |
|---|---|
| AMAZON WEB SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-1796C |
| ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Intervenor-Defendant. ) | |

### DEFENDANT'S UNOPPOSED MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss as moot the Amended Complaint, because the Department of Defense (DoD) has cancelled the Joint Enterprise Defense Infrastructure (JEDI) solicitation, number HQ0034-18-R-0077, and terminated the contract awarded pursuant thereto to Intervenor-Defendant, Microsoft Corporation (Microsoft), for the convenience of the Government.  Counsel for Microsoft and for plaintiff, Amazon Web Services, Inc. (AWS), have indicated that neither Microsoft nor AWS opposes this motion.

### STATEMENT OF FACTS

DoD issued the final JEDI solicitation on July 26, 2018.  Amended Compl. ¶ 27.  On October 25, 2019, DoD awarded the JEDI contract, number HQ0034-20-D-0001, to Microsoft.  *Id*. ¶ 96.  On November 22, 2019, AWS filed this bid protest.  Compl., ECF No. 1.

On February 13, 2020, the Court issued a preliminary injunction, halting performance of the JEDI contract. Opinion and Order, ECF No. 164. On April 17, 2020, the Court granted the Government's motion for a voluntary remand to DoD to reconsider certain aspects of the challenged decision. Order, ECF No. 203. On September 2, 2020, DoD reaffirmed its decision to award the JEDI contract to Microsoft. ECF No. 221. On October 23, 2020, AWS filed its Amended Complaint. ECF No. 236.

On July 6, 2021, DoD cancelled the JEDI solicitation and terminated the contract awarded to Microsoft pursuant thereto for the convenience of the Government. JEDI CLOUD RFP, https://sam.gov/opp/64bdb7a54c5c436f9720246a672341ba/view (last visited Jul. 8, 2021); Exhibit 1.

## ARGUMENT

This protest should be dismissed for lack of subject-matter jurisdiction because DoD's decision to cancel the solicitation and terminate the award renders AWS's protest of that award decision moot. *See Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 131 (2013) ("[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot."). "The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution." *Northrop. Corp., Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 800 n. 4 (1993) (citing *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974)). Although this Court is not an Article I court, the "case or controversy" requirement of Article III is nevertheless applicable. *Brookfield Relocation Inc. v. United States*, 113 Fed. Cl. 74, 77 (2013); *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "[A]mple precedent exists for dismissing as moot [a] plaintiff's challenge to the original evaluation and award based [on a] decision to cancel the Solicitation . . . ." *Square One Armoring Service, Inc. v. United States*, 123 Fed. Cl. 309, 325 (2015); *see also FMS Inv. Corp. v. United States*, 138 Fed. Cl. 152, 157 (2018) (dismissing protests as moot after cancellation of solicitation, despite challenge to the cancellation); *CCL Service Corp. v. United States*, 43 Fed. Cl. 680, 690 (1999) (holding that protests of the award of seven contracts were "definitively moot in light of the cancellation of the contracts").

The Amended Complaint challenges DoD's decision to award the JEDI contract to Microsoft rather than to AWS. Amended Compl. ¶¶ 374-412. When DoD canceled the solicitation and terminated the award to Microsoft, it eliminated the entire basis for AWS's challenge to the award decision. *See Lion Raisins, Inc. v. United States*, 69 Fed. Cl. 32, 34 (2005) (holding that "since the contract solicitations were cancelled, Plaintiff can no longer complain that the contracts at issue were improperly awarded . . . because the contracts were not awarded to any bidder"). Accordingly, DoD's decision to cancel the solicitation and terminate the award renders the Amended Complaint moot.

## CONCLUSION

Based on the foregoing, we respectfully request that the Court dismiss the Amended Complaint for lack of subject-matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

|  |  |
|---|---|
| | MARTIN F. HOCKEY, JR.<br>Acting Director<br><br>s/ Patricia M. McCarthy<br>PATRICIA M. MCCARTHY<br>Assistant Director |
| OF COUNSEL: | |
| MICHAEL G. ANDERSON<br>BENJAMIN M. DILIBERTO<br>Assistant General Counsel<br>Washington Headquarters Service &<br>Pentagon Force Protection Agency<br>Office of General Counsel<br>Department of Defense | s/ Anthony F. Schiavetti<br>ANTHONY F. SCHIAVETTI<br>Senior Trial Counsel<br>RETA BEZAK<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch |
| TYLER J. MULLEN<br>CCPO Legal Advisor<br>Assistant General Counsel<br>Defense Information Systems Agency<br>Office of the General Counsel | PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7572<br>Fax: (202) 305-1571<br>anthony.f.schiavetti@usdoj.gov |
| July 8, 2021 | Attorneys for Defendant |